## Becker's Estate.    Becker's Appeal.

*Wills—Conversion.*

A direction in a will, to produce a conversion, must be positive and explicit, irrespective of all contingencies and independent of all discretion.

A will provided for the division of testator's estate between his children, except a sum charged on land for the widow, and as to one son's share the executors were ordered "to purchase a property at some convenient place for the use of the son during his life and after his death to go to his heirs." On the death of the widow, the sum set apart for her was to be divided among testator's children, and the executors were ordered to put the same son's share "to interest or purchase some property for his use, subject to the same conditions, as above." The codicil provided that the son was "only to receive the income of the premises which the executors are to purchase for his use." The widow refused to take under the will and her dower amounted to more than the sum set apart by the will. The son died before the widow.

*Held*, that there was no conversion as to the dower and that it was properly distributed as personalty.

Argued May 18, 1892. Appeal, No. 39, July T., 1892, by

Jacob E. Becker, grandson and heir of John Becker, deceased, from decree of O. C. Lancaster Co., April T., 1888, dismissing appellant's exceptions to auditor's report. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Testator by his will gave farms to two sons, John and Solomon, and to a daughter, and then provided for an appraisement, and directed that they should take at such valuations. He then charged $2,800 on these farms for the widow, during widowhood, apportioning the charge, and then provided that the balance of the valuation should be divided between his four children. He then provided as follows:

"I do order that my hereinafter named executors shall with the one-fourth part, or the said Elias' share, purchase a property at some convenient place, for the use of said Elias during his natural life, and after his death to go to his lawful heirs." Testator further ordered that, at the death or termination of widowhood of his wife, the $2,800 should be paid and divided among his four children. He then provided: "I do further order my hereinafter named executors to put Elias' share to interest or purchase some property for his use, subject to the same conditions as above."

A codicil was added as follows: "To explain· more fully respecting of son Elias's inheritance. It is my will, and I do order that my said son, Elias, is to have equal share, as above stated, and that executors are to be and act as trustees of him, the said Elias, he only to receive the income of the premises (yearly and every year during his natural lifetime), which the said executors are to purchase for his use, and, after his decease, to go to his lawful heirs."

The widow refused to take under the will, and her statutory dower was fixed and charged on the land by agreement of the parties. Elias died before the widow. This dower is the fund for distribution.

The auditor, William D. Weaver, distributed the fund as personalty, to the whole and half blood. Jacob E. Becker, appellant, the only heir of the whole blood, excepted that it should have been distributed to him as realty. The court, LIVINGSTON, P. J., dismissed the exceptions and confirmed the report. Exceptant then appealed.

*Errors assigned* were to such distribution.

*H. C. Brubaker*, for appellant.—By the widow's election, the $2,800 fell into the corpus of the estate to be distributed under the first quoted clause and the codicil, and it therefore became realty.

*Owen P. Bricker* and *J. Hay Brown*, with them *William U. Hensel*, for appellees.

PER CURIAM, July 13, 1892.

The controlling question in this case is whether the share of Elias Becker in the estate of his father, John Becker, Sr., should be distributed as real or personal estate. If it is personal estate, it is conceded the distribution, made by the learned auditor, and approved by the court below, is right. The doctrine of conversion, as stated by Justice WILLIAMS in McClure's Appeal, 72 Pa. 414, is undoubtedly the rule in Pennsylvania: "The rule is well settled that land directed to be converted into money, or money into land, is to be regarded in equity as that species of property into which one or the other is so directed to be converted; and this rule obtains whether the direction is given by deed or will. But the direction to convert must be positive and explicit, irrespective of all contingencies and independent of all discretion." We do not think the will of John Becker, Sr., contains a positive and explicit direction to convert. While in one portion of the will there is a direction to the executors, who are also the trustees of Elias, to purchase a property at some convenient place for his use during his natural life, there is also the direction in another part of the will "to put Elias's share to interest or purchase a property for his use." This would seem to leave an option with the trustees. In point of fact, they did not purchase a property for his use. His share remained money in fact, and was so distributed after his death. In this we see no error.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.