## Drayer, Appellant, *v.* Roudebush.

*Will—Vested and contingent legacies—Charge on land—Case stated.*

Where a testator gives the use of his farm to his wife for life, and after her death to his son absolutely, and gives all his personal property to his wife and son with directions to pay his debts and funeral expenses, and further directs that the son shall pay to each of his two daughters the sum of two hundred dollars within one year after the death of the mother, the legacy to each of the daughters is vested, and the husband of one of them who died in the lifetime of the mother is entitled either, as administrator of his wife or as surviving husband, to recover the amount of the legacy from the son.

In such a case where the parties submit a case stated, and agree that if the court be of the opinion that the legacy was vested, or was a charge upon the land, "then judgment in either instance to be entered for the plaintiff," and the court finds that the legacy was not charged upon the land, and there being no personal property enters judgment for defendant, the judgment is not in accordance with the submission, and must be reversed, inasmuch as the legacy

330, (1918).]    Syllabus—Opinion of the Court

was vested. Judgment was to be entered for the plaintiff "in either instance," and not if both conditions were satisfied.

Argued April 10, 1918.  Appeal, No. 22, April T., 1918, by plaintiff, from judgment of C. P. Crawford Co., May T., 1917, No. 29, for defendant on case stated in suit of George Drayer, surviving husband of Minnie Roudebush Drayer, v. William Roudebush.  Before ORLADY, P. J.; PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Case stated to determine the right to a legacy.

The court in an opinion by PRATHER, P. J., entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*Otto Kohler,* for appellant.—The legacies to the daughters vested at death of the testator: McClure's App., 72 Pa. 414; Thomman's App., 161 Pa. 444; Spang's Est., 49 Pa. Superior Ct. 314; Long's Est., 228 Pa. 594.

*E. Lowry Humes,* for appellee, filed no printed brief.

OPINION BY WILLIAMS, J., July 10, 1918:

Samuel Roudebush died in 1902.  His will provided, inter alia, as follows: "To my beloved wife Mary I give the use of the farm on which I now reside......during her natural life.  To my son William I give the farm ......after the death of his mother.......It is my desire that all my personal property shall remain on the farm as the property of my wife and son, and that they shall pay all my debts and funeral expenses.  It is my will that my son William shall pay to each of my daughters, Elizabeth and Minnie, the sum of two hundred dollars within one year after the death of his mother." Minnie Roudebush married Drayer and died in 1903. Mary Roudebush, testator's wife, died in 1915.  William

Roudebush, defendant, sold the farm in 1916, and paid to his surviving sister $200, receiving the following receipt: "Now, June 8, 1916, received from William Roudebush my legacy in full under the terms of the will."

Plaintiff claims either as Minnie's husband or as her administrator. Defendant refused payment on the ground that the legacy to Minnie lapsed at the time of her death in 1903.

The question submitted to the court below in the case stated was as follows: "If the court be of opinion that the legacy bequeathed to Minnie Roudebush Drayer by Samuel Roudebush vested in the legatee upon the death of the testator, or was a charge upon the land devised to William Roudebush, then judgment in either instance to be entered for the plaintiff......; otherwise judgment in either instance for the defendant......" The court held that the legacy was not charged upon the land, and it not appearing that there was any personal estate, the legacy was adeemed. Judgment was entered for defendant. Plaintiff appealed.

The judgment is not in accordance with the submission and must be reversed. The legacy was vested: McClure's App., 72 Pa. 414, 419. Judgment was to be entered for the plaintiff "in either instance," and not if both conditions were satisfied.

The judgment is reversed and the record remitted with direction to enter judgment for plaintiff.