## Kenney Estate

*Dallet Hemphill*, for accountant.

*Joseph F. Harvey*, for Delaware County Institution District.

*William H. Mitman*, guardian ad litem.

MacElree, J., August 6, 1957.— . . . On July 30, 1947, Foster F. Fell, now deceased, Earl Garretson

Fell and Max K. Fell executed a written assignment of all their right, title and interest in the subject trust estate unto the County of Delaware (the institution district thereof) to be applied toward the costs of care and maintenance of their mother, Catherine E. Fell, life beneficiary, a resident of Fair Acres Farm, Lima, Delaware County.

It is averred that there is presently due the Delaware County Institution District for the care and maintenance of the said Catherine E. Fell the sum of $4,921.22.

The Orphans' Court of Chester County, on June 5, 1957, appointed William H. Mitman, Esq., guardian ad litem for Foster F. Fell, Jr., and Susan Eleanor Fell, minor issue of Foster F. Fell, deceased.

There is submitted to this court a question as to the validity of the assignment insofar as such assignment affects whatever interest Foster F. Fell, who died before the life beneficiary's death, had in the fund presently before this court for distribution.

The guardian ad litem has submitted a comprehensive and illuminating report with regard to that question, which report is incorporated herein by reference thereto and made a part hereof.

The guardian ad litem has very aptly stated the question as follows: What interest, if any, do the minors, for whom he was appointed guardian ad litem, have in the trust estate?

He suggests that the answer to this question depends upon what interest their father, Foster F. Fell, took under decedent's will and whether or not the writing, executed July 30, 1947, affected in whole or in part the interests of said minors.

The interest, if any, of John Henry Fell, an adult, adopted by Foster F. Fell on February 10, 1949, will not necessarily be determined by the same rules of law

which are applicable to the interests, if any, of the minor wards of the guardian ad litem.

By the terms of the assignment dated July 30, 1947, Foster F. Fell, together with his two brothers, Earl and Max, "assigned, transferred and set over absolutely unto the County of Delaware, Pennsylvania all of their and each of their right, title and interest in and to their and each of their respective remainder interests in the Estate of Savilla Kenney, deceased, late of the Borough of Phoenixville, Chester County, Pennsylvania, it being understood and agreed that the amount paid to the said County of Delaware should be applied toward the maintenance of their mother, Catherine Fell, at Fair Acres Farm, Lima, Delaware County, Pennsylvania, any overplus to be paid to the assignors in equal shares."

Inasmuch as the remaining child of the life tenant, to wit, Margaret Fell Woods, now deceased, did not join in the assignment, her one-fourth interest is not involved.

The question submitted to the court depends upon the construction to be placed upon the following provision of decedent's will:

"I give, devise and bequeath all my estate, real, personal and mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, unto my executor, hereinafter named, in trust, nevertheless, to pay the net rents and income thereof unto my beloved daughter, Catherine E. Kenney (Fell) for her sole and separate use, during the term of her natural life, without being subject or liable to or for the debts, contracts or engagements of any husband she may have or take, and immediately after the decease of her, my said daughter, *then*, as to the said principal, it is my desire, and I direct that it shall go and be distributed to the child or children, which she, my said daughter, (Catherine E. Fell) may

leave. The lawful issue of any child to take the parent's share."

The guardian ad litem contends on behalf of Foster F. Fell, Jr., and Susan Eleanor Fell, minor grandchildren of the life beneficiary, that the word "then" appearing in the paragraph of the will above noted, imports a requirement of survival and that the word "then" as it first appears in the above quoted portion of the will is used in the sense of connoting time, or in other words "at that time" rather than in a conjunctive sense such as "in that event" or "if that happens".

He contends that the word "then" refers to the time at which the interest will vest in the child or children.

If, as he seeks, the court so construes the language of the will, the guardian ad litem contends it must lead to one conclusion only, insofar as the interest of Foster F. Fell is concerned, namely that he took only a contingent interest under the will, an interest contingent upon his surviving the life tenant, Catherine E. Fell, his mother, and inasmuch as this contingency never did occur that his interest in any of the proceeds of this trust estate never did vest but fell at the time the impossibility of the contingency occurred, that is his predeceasing of the life tenant.

In an exhaustive and scholarly brief, the guardian ad litem admits that he can cite no Pennsylvania decisions to support his reasoning and cites cases from other jurisdictions which are discussed at length in his report.

Counsel for the Delaware County Institution District, in discussing the question as to what was the interest of Foster F. Fell in the estate of Savilla Kenney, stresses, inter alia, the legal proposition that in determining the nature of a remainder interest, one of the most firmly established points of law is the presumption in favor of the vesting of interest: Shaw's Estate, 326 Pa. 456.

It is further contended on behalf of the institution district that apart from this presumption the language employed in the instant case spells out a gift which became vested in interest, with the vesting in possession delayed to the termination of the preceding life estate.

In this connection, it is contended that the word "then" as it appears in testatrix' will is not employed in conjunction with any other word or phrase such as "then living" or "then surviving"; that the use of the word "then" in its present context was essential to the clear expression of a gift which should come into the possession of testatrix' grandchildren at the death of her child, since the child and grandchildren were not to enjoy the property concurrently, and that to import a condition of survivorship into a single word does violence to the clear meaning of the language when the use of the word "then" was required by logic and grammar.

"It is a well-settled rule . . . that the test in determining if an interest is vested or contingent, is not the certainty or uncertainty of obtaining actual possession, nor the defeasibility or indefeasibility of the right of possession, inasmuch as estates may be vested in interest though without present right of possession.

"So long as a present right exists to a future possession the estate is vested, even though actual possession may be defeated by a future event": Wheaton Coal Company v. Harris, 288 Pa. 294, 297.

It is conceded on behalf of the Delaware County Institution District that in the instant case there were no grandchildren of testatrix, in esse, at the time of her death, and that the gift over was at that time contingent, since subject to the possibility that there may have been no members of the class to whom the gift was made.

However, *at the birth of the first member of the named class*, the gift vested in him immediately, subject only to opportunity to let in all members of the class who may have been born thereafter during the continuance of the particular estate: Edwards' Estate, 255 Pa. 358.

This court is of opinion that Foster F. Fell acquired an indefeasibly vested interest in the estate of his grandmother, Savilla Kenney, decedent, at the time of his birth.

Authority for this conclusion, this court believes, is found in the opinion of the late Judge Penrose of the Philadelphia County Orphans' Court:

"It is well settled that where at the expiration of a particular estate the gift is to designated persons, or to members of a designated class 'or their heirs', the words 'or their heirs' will be understood, not in a substitutionary sense as creating an alternative disposition, but as words of limitation intended to exclude survivorship: Patterson v. Hawthorn, 12 S. & R. 112; King v. King, 1 W. & S. 205; Reed v. Buckley, 5 Ib. 517; Buckley v. Reed, 3 Harris 83; Reed's Ap., 3 Crumr. 215; and the principle is precisely the same in devises to the children of the testator, where the seeming alternative devise is to 'heirs of the body' or their equivalent as a word of limitation 'issue'. The devise, at the expiration of the intermediate estate, being to children and the issue of such as may be then dead, as they would, had he died intestate, have taken in the same manner, the words of the will, instead of conferring estates upon the children contingent upon their living until the time of distribution, and thus leaving the freehold in the meantime to vest in them as heirs, will be understood as simply indicating the order of succession of an absolute estate; and, as *expressio eorum quae tacite insunt nihil operatur*, the presumption in favor of the children as heirs is not overcome or

their vested estates divested": Bloodgood's Estate, 8 Pa. C. C. 546, 548.

Womrath v. McCormick, 51 Pa. 504, decided by the Supreme Court of Pennsylvania in 1866, is the authority for the same conclusion.

The only remaining question is:

"What was the effect of the assignment executed by Foster F. Fell upon his interest in the Estate of Savilla Kenney?"

This court has held that such an interest was a transmissible one and as such was assignable: Neitig Estate, 6 Chester 229.

This court concludes that Foster F. Fell, during his lifetime possessed an indefeasibly vested interest in a one-fourth part of the balance for distribution, and that he effectively assigned this interest to the Delaware County Institution District for a valuable consideration, and that his share in the fund before the court, together with that of his two brothers, should be awarded to the said assignee. . . .