## Clemson Estate

*Donald McCaskey*, for accountants.

*Charles Woods*, for Richard E. Clemson, claimant.

*William Eckert*, for executors of Christine Miller Clemson, claimants.

RAHAUSER, J., April 27, 1959.—The matter before the court is the disposition of the corpus of a trust created for Grace Dale by the will of Daniel M. Clemson.

Daniel M. Clemson died April 7, 1936. The seventh paragraph of his last will and testament reads as follows:

"I give and bequeath unto my wife, Christine Miller Clemson and my grandson, Richard E. Clemson, their successor and assigns, the sum of $50.000.00 in trust to hold, manage, invest, reinvest and keep invested the same, and pay the net income therefrom quarterly to my niece, Grace Dale, during her life; and upon her death to divide and distribute the corpus of said

fund in equal shares between my wife, Christine Miller Clemson and my grandson, Richard E. Clemson, and the survivor thereof."

Under the decree of distribution dated September 28, 1937, Christine Miller Clemson and Richard E. Clemson as trustees for Grace Dale received securities at a carrying value of $55,400; Christine Miller Clemson and Richard E. Clemson having each contributed the amount of $2,700 to the principal of the trust created by article of the will.

Christine Miller Clemson died July 5, 1956, and Elizabeth C. Clemson was appointed successor cotrustee by an instrument dated December 27, 1956.

The life tenant, Grace Dale, died September 7, 1958, and the trustees filed an account that came up for audit January 21, 1959. At the audit, Richard E. Clemson claimed the entire amount as survivor under the trust instrument.

The executors of Christine Miller Clemson claimed one-half of the corpus, stating that Christine Miller Clemson received a vested remainder in corpus of the trust estate upon the death of the testator, Daniel M. Clemson.

Both parties requested a hearing at which time the contentions of both parties were argued.

Richard E. Clemson claimed that the word "survivor" referred to the person that survived the life tenant, Grace Dale.

Christine Miller Clemson's executors contended that that word "survivor" refers to the survivor of the testator.

As was said by Judge Hunter in Field's Estate, 58 D. & C. 641, 643, et seq.:

"The general rule in Pennsylvania is, and always has been, that the word 'survivor' or 'surviving', following a prior gift, is understood as referring to the

death of testator unless a contrary intention is apparent: Fetrow's Est., 259 Pa. 89; Nass' Est., 320 Pa. 380.

". . . The words 'survivors' and 'surviving' have in all cases acquired the prima facie meaning of survivorship at testator's death."

In view of the rule that words of survivorship presumably refer to survivorship as of the death of the testator, the question arises as to whether the testator has expressed an intention to the contrary.

The seventh paragraph does not specifically state whether the right to distribution of the principal is dependent on survival of the testator or of the life tenant, so we examine other paragraphs of the will in a search for the intention of the testator. In the fourth paragraph of the will, testator gave his household goods to his wife, son and grandson, subject to the right of his wife to occupy testator's residence furnished with such household goods as long as she desired, or until the residence was sold and then further provided:

"The interest given to my son, John or my grandson, Richard, under this Item of my Will is hereby made conditional upon his or their *survival at the time a division of the personal property herein bequeathed would be required according to the terms and conditions stated*; . . . (Italics supplied.)

This paragraph clearly indicates that the word "survival" as therein used relates to the time when the property is to be distributed, not to the date of death of the testator.

Furthermore, in clause (*f*) of the tenth paragraph of his will testator provided:

"In the event of the death of my grandson, Richard E. Clemson, prior to the actual distribution and receipt of payment by him from my said trustees of any

part of the principal of said trust fund that would otherwise have become payable to him, all payments which would have been made to him, including the payment to be made to him contingently under the above paragraph, shall be made in equal shares to his then surviving children when and as they respectively arrive at the age of twenty-one years, counting as one such child the then surviving issue of any deceased child."

This provision of the will shows that testator knew how to provide that a legatee should not be entitled to a part of the principal of a trust fund if he died prior to the actual distribution of the fund. There are similar indications of such knowledge on the part of testator in other clauses of the will, such as in clauses (d), (e) and (g) of the tenth paragraph of the will. Since testator clearly indicates that he knew how to limit the right to share in distribution to those living at the time of such distribution, and since he imposed no such limitation in the seventh paragraph of his will, it may properly be said the will does not indicate that the general rule as to survivorship shall not be applicable.

In Handy's Estate, 314 Pa. 61, the Supreme Court, in a per curiam opinion, affirmed the decree of the Orphans' Court of Philadelphia on the opinion of Judge Gest. The opinion of the lower court indicates that the facts involved in that case were much like those in the present case. Judge Gest, after pointing out that in the absence of controlling evidence of a different intention words of survivorship, after an intermediate gift, will be understood as referring to the death of the testator, said, at page 63:

"From our examination of the will as a whole, *we do not find any controlling evidence therein of a different intention*. [Italics supplied]. On the contrary,

we find some corroborative evidence that the testator's intention agrees with the rule. Thus, in the second paragraph of the will, the testator bequeathed certain personal effects to his wife for life and at her death to his children 'then surviving.' And in the last part of the paragraph under discussion he provides that if his daughters, or either of them, should die without exercising their right of testamentary appointment over one-fourth of their shares, and without leaving issue, this purpart shall be paid to 'my nearest relatives in blood *then* living.' This shows that when the testator desired to limit the survivorship to those persons who might be living at a designated period, he knew very well how to do it. We do not agree with the argument of the learned counsel for the exceptant, who would draw the contrary conclusion from these provisions of the will."

The analysis by Judge Gest of the will as a whole in Handy's Estate is equally applicable to the will as a whole in the estate of Daniel M. Clemson; there is no controlling evidence of an intention of testator to relate the use of the word "survivor" in the paragraph of the will in dispute to any time other than the date of death of testator.

Counsel for Richard E. Clemson has argued that the direction in the seventh paragraph of the will *"to divide and distribute the corpus"* of the trust upon the death of the life tenant makes the "pay and divide rule" applicable and that this is an indication of testator's intention that the named remaindermen were required to be living at the termination of the life estate in order to be entitled to share in the corpus. There is a well known exception to the "pay and divide rule" quoted in Bald Estate, 385 Pa. 176, 188, which reads as follows:

"As long ago as McClure's Appeal, 72 Pa. 414, we pointed out (p. 418) : 'Though there be no other gift than in the direction to pay or distribute in futuro, yet if such gift or distribution appears to be postponed for the convenience of the fund or property, or where the gift is only postponed to let in some other interest, the vesting will not be deferred till the period in question.' In the present case there is no question that the gift of the life estate to the defendant, Katharine Gorgas Twitchell, was merely postponed to enable testator's widow to enjoy the income from the estate during her life."

Counsel for Richard E. Clemson has also cited the Act of June 29, 1923, P. L. 914, 21 PS §11, reënacted in section 14(4) of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.14. An examination of this statute will show that it refers to the words "heirs," "next of kin," "relatives," "family" or to persons described by words of similar import. It has no application to the situation where testator specifically names the legatees but does not specifically say whether such legatees must survive a life tenant in order to share in the corpus of the trust after the death of the life tenant.

The meaning of the testamentary disposition must be taken from the entire will, and from a study of the entire document the court is convinced that Christine Miller Clemson took a vested remainder and that the corpus must be divided equally between the Estate of Christine Miller Clemson, deceased, and Richard E. Clemson.

A decree will be drawn in accordance with this opinion.