## Cowles *versus* Cowles.

1. A testator devised to his wife, "all my property, real, personal and mixed, * * * during her natural life," and at her death, " all the property hereby devised to her, * * or so much thereof as may then remain unexpended, I give, &c., to my daughter and son, share and share alike, their heirs and assigns for ever:" the wife took an estate for life only in the realty.

2. The express gift for life was not enlarged into a fee by implication, by the gift to the children in remainder of the property, "*or* so much thereof as may remain unexpended."

3. The heir is not to be disinherited by anything less than a clear intention to pass the estate in another line of succession.

ERROR to the District Court of *Allegheny county*.

This was an amicable action and case stated, filed September 8th 1866, in which Frederick Cowles and Henrietta his wife, in her right, were plaintiffs, and Henry Cowles defendant, to recover $1415, part of the purchase-money of a lot in South Pittsburgh, under the following facts :—

Franz Vondera, by his will, proved December 2d 1865, devised as follows: " I give, devise and bequeath to my beloved wife Henrietta all my property, real, personal and mixed, of what nature soever, and wheresoever the same shall be at the time of my death, to have and to hold the same during her natural life ; and at the death of my said wife, all the property hereby devised or bequeathed to her, as aforesaid, or so much thereof as may then remain unexpended, I give, devise and bequeath to my daughter Emma and my son Franz, share and share alike, their heirs and assigns for ever."

The testator, at his death, owned only the above-mentioned lot and $44.50 of personal property. He left his wife Henrietta and two children, Emma and Franz, both minors. Franz, Jr., died after his father. The widow married Frederick Cowles, above named. On the 29th of August 1866, the plaintiffs contracted to sell the lot to the defendant for $1430, and " to give a deed of general warranty and an indefeasible title in fee simple of the said lot." The defence was that the devise did not pass a fee simple to the wife of the testator.

The court below gave judgment for the defendant ; which was the error assigned.

*J. McClaren*, for plaintiff in error, cited Findley *v.* Riddle, 3 Binn. 149 ; Turbett *v.* Turbett, 3 Yeates 187 ; 2 Jar. on Wills 525 ; Doe *v.* Tucker, 3 B. & Ad. 473 ; Redfield on Wills 443 ; Hitchcock *v.* Hitchcock, 11 Casey 393 ; Stickle's Appeal, 5 Id. 234 ; Jauretche *v.* Proctor, 12 Wright 466 ; Pennock's Estate, 8 Harris 268.

[Cowles *v.* Cowles.]

*S. H. Geyer*, for defendant in error.

The reporter received no paper-book for defendant in error.

The opinion of the court was delivered, November 5th 1866, by
STRONG, J.—The testator gave to his wife Henrietta all his
property, real, personal and mixed, to have and to hold the same
expressly during her natural life, and added that at her death all
the property devised or bequeathed to her as aforesaid, or so much
thereof as might remain unexpended, should go to the testator's
children in fee. This conferred upon the wife, now Henrietta
Cowles, a clear estate for life in the realty, and no greater estate.
There is nothing to cast doubt upon this, except a supposed infer-
ence from the words of the devise in remainder. An implica-
tion of a greater estate in the devisee for life is thought to be
found in the fact that the gift to the children in remainder was
the property devised or bequeathed to the wife, *or* so much
thereof as may then remain unexpended. But the express gift
for life is not to be enlarged into a fee by a mere implication.
Besides, the words relied upon are satisfied by applying them to
the personal estate, and therefore there is no necessary implica-
tion affecting the realty. Or if applied to realty as well as per-
sonalty, they refer only to what had before been given to the
wife, *as given to her*, in the language of the will, " devised as
aforesaid," that is, devised as life estate. If so, the gift over is
the property, real and personal, and what may remain of her life
estate. In no aspect of the will can it be considered as giving
to Mrs. Cowles more than an estate for life. The heir is not to
be disinherited by anything less than a clearly apparent intention
to pass the estate in another line of succession.

Judgment affirmed.