## Faulstich's Estate.    Laugel's Appeal.

*Will—Distribution—Disinheriting heir at law.*

The heir at law is not to be disinherited by anything less than a clearly apparent intention to pass the estate to another line of succession.

Testator devised his estate as follows: "To Martin Faulstich and Theresa Faulstich (children of my brother Valentine Faulstich) each of them the sum of one dollar. All the rest and remainder, of my estate aforesaid, not hereinbefore disposed of, I give, devise and bequeath to my other legal heirs and representatives not hereinbefore named, in equal proportions, share and share alike," Valentine, who was the only heir mentioned in the will, survived his brother. *Held,* that he was not excluded from the residuary devise.

Argued March 7, 1893.    Appeal, No. 76, July T., 1892, by Crezentia Laugel, from decree of O. C. Northampton Co., awarding inquest in partition of estate of Conrad Faulstich, deceased.  Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM and THOMPSON, JJ.

Petition for inquest in partition.

The facts appear by the opinion of the Supreme Court.

The court, SCHUYLER, P. J., awarded an inquest.

*Error assigned* was decree, quoting it.

*F. H. Lehr,* for appellant.

*C. G. Beitel,* for appellee.

PER CURIAM, March 20, 1893:

In May, 1869, Conrad Faulstich died testate, leaving to survive him a widow, Clara Faulstich, who died in March, 1888, but no lineal descendants.  His next of kin and heirs at law were as follows:

1st. His brother Valentine, who died in June, 1888, leaving to survive him six children, of whom the appellee, Clara Klein, was one.

2d. His sister Maria Weber, who died in 1874, leaving to survive her three children, of whom the appellant, Crezentia Laugel, was one.

3d. Four children of his brother, John Faulstich, who predeceased the testator.

4th. His brother Joseph, who died subsequently, leaving to survive him four children.

In 1892, the appellee, daughter of said testator's brother Valentine, presented her petition for partition, claiming that her father was one of the residuary devisees of her uncle Conrad, etc. To this the appellant, Crezentia Laugel, a daughter of testator's deceased sister Maria Weber, made answer, denying that, under the will of her said uncle, petitioner's father took any interest in the real estate in question, and alleging that petitioner had therefore no standing in court, as an heir of her father or otherwise.

After giving to his widow all his real and personal estate for life, the testator in his will provides : " And, after the decease of my said wife, I give, devise and bequeath my said estate as follows, to wit: To Martin Faulstich and Theresa Faulstich (children of my brother Valentine Faulstich) each of them the sum of one dollar. All the rest and remainder of my estate aforesaid, not hereinbefore disposed of, I give, devise and bequeath to my other legal heirs and representatives not hereinbefore named, in equal proportions, share and share alike."

It is contended that inasmuch as Valentine Faulstich is named in connection with the nominal bequest to two of his children he is necessarily excluded from the residuary devise, etc. We cannot think the testator so intended. Valentine is not named as an heir or devisee, but, as the learned judge said, simply and solely for the purpose of more clearly designating the two legatees. The words in parenthesis—" children of my brother Valentine Faulstich "—are not necessary to the bequest. If they had been wholly omitted, it cannot, for a moment, be doubted that he would be clearly included in the residuary devise. But we are of opinion that the employment of the words, as they appear in the will, does not lead to any other result. To hold otherwise would be sticking in the bark, instead of ascertaining the testator's intention. His obvious intention was to effect what he has failed to accomplish—the exclusion of the two legatees from any participation in his residuary estate. It is only as heirs of their father that they are now interested.

If there should be any doubt that the words in brackets were employed merely for the purpose of more certainly identifying the two legatees, that doubt should be resolved in favor of the appellee.  The heir at law is not to be disinherited by anything less than a clearly apparent intention to pass the estate to another line of succession: Cowles v. Cowles, 53 Pa. 175; France's Estate, 75 Pa. 220 ; Rupp v. Eberly, 79 Pa. 144 ; 1 Jarman on Wills, 465.

The learned judge was clearly right in construing the will as he did, and in awarding the inquest.

Decree affirmed and appeal dismissed, with costs to be paid by appellant.