# Bartholomew's Estate.    Truckenmiller's Appeal.

*Will—Vested and contingent interest.*

Testator disposed of the residue of his personal property as follows: "My will is that all the residue of my goods, chattels, stocks, merchandises, etc., shall be sold by my executor by making vendue in this faul and the money to be put out on interest and my wife Eliza is to have the interest of said money during her natural life and after my wife's death it is my will that the money be equally devided between my four children namely Franklin, Mary, Caroline and Margaret Rebecca share and share alike, and my will and meaning is that in case any of my said children shall depart this life before such time as the part or portion of him her or them so dying shall become payable, then and such case the part or portion of him, her or them so dying shall go and be equally divided among the survivors or survivor of them share and share alike if more than one, and to be paid to such survivors or survivor at the time appointed." *Held,* that the estate was to be kept intact until the death of the widow, and that no interest vested in either of his four children prior to that time.

Argued April 14, 1893. Appeal, No. 364, Jan. T., 1893, by A. S. Truckenmiller, administrator of Eliza Wagner, deceased, and Caroline Bobst, deceased, from decree of O. C. Columbia Co., distributing estate of Jacob Bartholomew, deceased. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Exceptions to report of W. H. Rahwn, Esq., auditor.

The facts appear by the opinion of the Supreme Court.

The opinion of the court below was in part as follows, by IKELER, P. J.:

"In determining the intention of the testator under the third item of his will we should consider the general object he had, as gathered from his whole will. He died, leaving a widow and

four young children, who were undoubtedly the sole objects of his bounty.

" *a.* The third item directs a fund to be raised from the personal effects of the testator, and also directs the investment of that fund by the executor, and that the interest thereof shall be paid to his wife during her life. It is evident that that fund was to be kept entire, whole and undisturbed during the life of the widow.

" *b.* It directs distribution at a time so fixed as to protect the fund, and that without any expressions of gift to any of the parties among whom distribution is to be made ' at the time appointed,' namely, ' after my wife's death.'

" *c.* The distribution is to be made among his four children named, ' at the time appointed.' Here again the testator provides against any interference with the fund or its object during the life of his wife, and excludes from the distribution to be made ' at the time appointed ' any child or children who shall have died before that time ; thus protecting the fund for the use of the wife and the benefit of the children or child who may survive the wife. Such survivor, and such only, shall participate in the distribution to be made after the death of the wife. Therefore, Franklin Bartholomew is entitled to the whole fund: Fairfax's Ap., 103 Pa. 166; Fahnestock's Est., 29 W. N. 66 [147 Pa. 327] ; Pleasanton's Ap., 99 Pa. 362; Miller's Est., 145 Pa. 561 ; McBride v. Smyth, 54 Pa. 245. The direction, to equally divide the money put out at interest for the use of the widow among his four children or the survivors or survivor of them after his wife's death, seems clear to us to come within the rule that the only gift the testator made to said four children is in the direction to pay and distribute at a future time, and is not to be ranked with those cases in which the gift is first and the payment or distribution only is deferred. It is one in which time is of the essence of the gift. 2 Jarman on Wills, 5th Am. ed., p. 457.

" In Bright v. Rowe, 3 Jarman on Wills, 5th Am. ed. 661, a case very much of the character of the case now in question, it was held that the shares of the deceased children had devolved to the survivors. The future time, ' after my wife's death,' was chiefly made and fixed by the testator as a condition absolutely necessary to arrive before any of his bounty could

attach to either of his four children, and without that condition he would not have made the bequest. Hence the time is annexed to the substance of the gift as a condition precedent and the vesting of the legacies was suspended. There is no antecedent, absolute or substantive gift to the four children, independent of the direction ' to equally divide after my wife's death.' Clearly the bequest was to such children or child as should survive the death of the wife. The time for payment in this will is fixed and specified, namely, after his wife's death, but if this were not so, it is held, in 3 Jarman on Wills, 5th Am. ed. 667, where no time is specified for payment, the word ' payable ' refers to the period of distribution. So under a bequest to such children only as survive the tenant for life, a gift over in the event of the legatees dying before their shares become payable will take effect if none of the legatees survive the tenant for life, notwithstanding a time of payment be expressly mentioned in the will as at the age of twenty-one, and the legatees having attained that age ; for no construction which may be put upon the word ' payable ' can enlarge the class who are to take the prior bequest. But we cannot see any reason, and we have been shown no satisfactory authority, for injecting into this will any intermediate period of payment to the children of the testator between his death and the death of his wife, in order to give force and effect to the will as the testator intended. There is no ambiguity or uncertainty contained in it. Considering it as a whole, or even in parts, and attributing to the language used, as we must, its ordinary import, nothing can be collected, fairly, from it, or from the circumstances surrounding the testator at the time it was made, implying a contrary intention from what is plainly expressed. As said by Mr. Justice WILLIAMS in McClure's Appeal, 72 Pa. 417 and 418 : ' Where there is no substantive gift, and it is only implied from the direction to pay, the legacy is contingent, unless, from particular circumstances, or the whole face of the will, a contrary intention is to be collected.' ' The point which determines the vesting of a legacy is not whether time is annexed to the gift, but whether it is annexed to the substance of the gift, as a condition precedent:' 2 Williams' Exr. 1059."

*Error assigned* was (1) distribution mentioned in opinion of Supreme Court below.

*James Scarlet, C. E. Geyer* with him, for appellant, cited: Rupp v. Eberly, 79 Pa. 144; Schouler on Wills, § 462; Bosley v. Bosley, 14 How. 390; Clarke v. Boorman, 18 Wal. 493; Postlethwaite's Ap., 68 Pa. 478; Rewalt v. Ulrich, 23 Pa. 388; Porter's Ap., 94 Pa. 332; Hunter's Est., 6 Pa. 97; Raudenbach's Ap., 87 Pa. 51; Jackson v. Jackson, 2 Pa. 212; McClure's Ap., 72 Pa. 415; Minnig v. Batdorff, 5 Pa. 503; Weir's Est., 13 W. N. 518; Gillan v. Dixon, 65 Pa. 395.

*Charles G. Barkley*, for appellee, not heard, cited: Fairfax's Ap., 103 Pa. 166; Fahnestock's Est., 147 Pa. 327; Pleasonton's Ap., 99 Pa. 362; Miller's Est., 145 Pa. 561; McBride v. Smyth, 54 Pa. 245; McClure's Ap., 72 Pa. 419; 2 Jarman on Wills, 5 Am. ed. 457; Harbster's Est., 133 Pa. 351; Sheets's Est., 52 Pa. 257; Gillan v. Dixon, 65 Pa. 395; Ortt's Ap., 35 Pa. 267.

PER CURIAM, May 1, 1893:

This contention involves the construction of the third item of Jacob Bartholomew's will, dated March 30, 1839, thirteen days before his death. After providing, in the first item thereof, for payment of his debts and funeral expenses, and, in the second, bequeathing to his wife all the household furniture and other articles of personal property, and making provision for her until the next ensuing fall, he disposed of the residue of his personal property in the next and last item, of which the following is an exact copy:

"Item 3rd then my will is that all the residue of my goods, chattels, stocks, merchandise, etc., shall be sold by my executor by making vendue in this faul and the money to be put out on interest and my wife Eliza is to have the interest of said money during her natural life and ·after my wife's death it is my will that the money be equally divided between my four children namely Franklin, Mary, Caroline and Margaret Rebecca share and share alike, and my will and meaning is that in case any of my said children shall depart this life before such time as the part or portion of him her or them so dying shall become payable, then and in such case the part or portion of him, her or them so dying shall go and be equally divided among the survivor or survivors of them—share and share alike if more than one, and to be paid to such survivors or survivor

at the time appointed. And lastly I do nominate and appoint Peter Koons sole executor of this my last will and testament hereby revoking all former wills by me made."

The testator left, surviving him, Eliza Bartholomew, his widow, and the four children named in the will. His son Franklin, by a former wife, is the only one who survived the widow, who married Peter Wagner, survived him and died in August, 1891. The other three children predeceased the widow, their mother, as follows : Margaret Rebecca died November 8, 1839, intestate, unmarried and without issue ; Mary died January 28, 1864, intestate, unmarried and without issue, and Caroline died August 29, 1872, intestate, leaving to survive her, a husband, Thomas S. Bobst, and two children, viz.: James R. Bobst, and Lizzie, now intermarried with A. S. Truckenmiller. Thomas S. Bobst, husband of Caroline, died in 1877.

The fund for distribution, $1,269.87, is balance of the money invested under direction of the will, the interest accruing therefrom having been paid to the widow during her life. As sole survivor of the four children, at the death of the widow, Franklin Bartholomew claimed the entire fund, and it was awarded to him. Appellant, as administrator of Caroline Bobst, deceased, claimed that part or portion to which she would be entitled, if living ; and also, as administrator of Eliza Wagner, deceased, those parts or portions to which Mary and Margaret Rebecca would be entitled, if living. Other facts in relation to the case are fully stated in the opinion of the court, but they do not appear to be material.

The intention of the testator, as expressed in the 3d item of the will, does not appear to be involved in any doubt. It is very clear that he contemplated no division of the corpus during the lifetime of his widow. It was to be invested, for her benefit, and kept intact until her death. Then it was to be divided equally among his four children, if all were then living, if not, then equally among those who survived his widow, if more than one, but if only one was then living, as sole survivor of the four at the time of distribution, he should take the whole. There is nothing in the will to indicate that he intended any interest in the corpus should vest in either of his four children prior to the death of his widow. It is after his " wife's death " that the money is to be divided, and in immediate connection

therewith he declares his will and meaning is that if any of his said children shall die before the time fixed for division, then and in such case the part or portion of him, her or them so dying shall go and be equally divided among the survivors or survivor of them share and share alike, if more than one, and to be paid to such survivors or survivor at the time appointed. It may be that if the testator could have anticipated what has actually happened he would have provided for such a contingency, but he does not appear to have done so, and it is not our duty either to change the provisions of his will by any strained construction thereof or to make a new one for him.

We think the learned court was right on principle as well as authority in awarding the fund to Franklin Bartholomew.

Decree affirmed and appeal dismissed at costs of appellants.