Martin Houser's Estate. Appeal of Lizzie F. Wieand
and George K. Baker, Executors of Joseph Baker,
deceased.

*Executors and administrators—Decedents' estates—Accounts.*

B., as executor of H., filed a partial account in 1882, showing a balance
due him. He died in 1884, and an administrator d. b. n. c. t. a. of H.'s
estate was appointed. In 1894, the administrator d. b. n. c. t. a. filed a
final account. *Held*, that the executor of B. could not claim at the final
distribution of H.'s estate the balance appearing to be due to B. by the ac-
count of 1882, without filing a final account of B.'s executorship.

Argued April 20, 1896. Appeal, No. 109, July T., 1895,
by Lizzie F. Wieand et al., from decree of O. C. Centre Co.,
No. 2091, overruling exceptions to auditor's report. Before
STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.
Affirmed.

Exceptions to report of auditor, John Kline, Esq.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to auditor's
report.

*A. O. Furst* and *Harry Keller,* for appellants.

*Clement Dale,* with him *W. E. Gray* and *Wilbur F. Reeder,*
for appellees.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 5, 1896 :
Without assenting to all that has been said by the learned
judge of the orphans' court in support of the decree from which
this appeal has been taken, we are satisfied that, in the circum-
stances, there was no error in refusing to permit the appellants
—executors of Joseph Baker, deceased—to participate in the
distribution. It was undoubtedly incumbent on them to show
that as a creditor of the estate of Martin Houser, deceased, or
in some other capacity, their testator had a valid claim on the
fund in question, or on the property which it represents. They

undertook to do this by giving in evidence "The fourth partial account of (said) Joseph Baker, surviving trustee and executor of Martin Houser, . . . . deceased," filed October 21, 1882, and confirmed on December 5, following.   In that account, covering a period of about three and a half years from April 5, 1879, the accountant charges himself with cash received from farm produce, wheat, corn, oats, hay, etc. amounting to $1,290.58, and takes credit for $473.55, "balance due at settlement former account," sundry payments to the widow of his testator, etc., showing balance due him of $460.61.   That sum with interest from confirmation of his account constitutes the claim of these appellants.

The auditor in this case found that by virtue of the order of court removing one of the executors of Martin Houser, in 1871, Joseph Baker became sole executor and acted in that capacity until his death in 1884, after which he was succeeded by John Dale, the present administrator, de bonis non, etc.   In March, 1894,—after the death of Martin Houser's widow,—the real estate of said deceased, as directed by his will, was sold for $4,000.   Thereupon, the administrator de bonis non, etc., filed a final account showing $4,250.95 balance for distribution. About $585 of this sum represents income or rent of farm, and the residue $3,665.95 represents net proceeds sale of the farm. The above balance is the fund in which appellants claim the right to participate.

It appears, as we have seen, that the account, showing balance claimed by appellants, does not purport to be a final account of their testator as sole executor of the estate of Martin Houser. On the contrary, it is specifically designated as his "fourth partial account," etc.   It is also expressly found as a fact that for nearly two years after filing said account, and down to the date of his death, he continued to act as such executor.   To what extent he received and disbursed funds of the estate during that period, or what was the state of his account at the time of his death, does not appear.   The only way in which these facts could have been regularly shown would have been by a final account stated and filed by his personal representatives, and adjudicated by the proper court.   For aught that appears in this case, the balance referred to may have been and probably was adjusted and paid by funds of the estate which came into

the hands of the executor in 1883 or 1884. If the estate was indebted to him in October, 1882, for money advanced, it may be fairly presumed that funds subsequently received would be applied to the payment of such indebtedness. It was the duty of appellants, as the personal representatives of the deceased executor, to have prepared and filed a final account of his executorship. If they had done so, the question, as to whether the estate was indebted to him at the time of his decease or not, would have been definitively settled in the regular and orderly way. In the absence of any such account, and of any evidence that can be regarded as equivalent thereto, the appellants have failed to show any right to participate in the fund for distribution.

This view of the case renders it unnecessary to consider other questions presented by the specifications of error.

Decree affirmed and appeal dismissed at appellants' costs.