# Reeder's Estate.

*Wills—Construction—Vested and contingent remainders.*

Where a testator provided by will "To my wife......I bequeath the entire balance of my property, both real and personal, to use as she sees fit, for which no bonds shall be required or given, and if, at her death anything shall be left, said remaining property shall be divided equally between my three children," naming them, and one of the children died during the lifetime of the widow, the lower court properly held that such child took a vested remainder upon the death of her father, liable to be divested by the widow's consumption if she should have chosen to exercise the power given her to consume.

Argued April 25, 1916. Appeal, No. 130, Jan. T., 1916, by Texie E. Reeder, from decree of O. C. Erie Co., Nov. T., 1915, No. 23, dismissing exceptions to auditor's report in Estate of Samuel T. Reeder, deceased. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to auditor's report. Before WHITTELSEY, J.

The facts appear by the opinion of the Supreme Court.

The court dismissed exceptions to the report of the auditor. Texie E. Reeder appealed.

*Error assigned* was in dismissing exceptions to the auditor's report.

*L. E. Torry,* for appellant.

*C. C. Eaton,* of *Marsh & Eaton,* for appellee.

PER CURIAM, May 15, 1916:

After a bequest to two of his children the testator provided as follows: "To my wife Mrs. Mary Louise Reeder I bequeath the entire balance of my property both real

estate and personal, to use as she sees fit for which no
bonds shall be required or given and if, at her death any-
thing shall be left said remaining property shall be di-
vided equally between my three children namely, Texie
Eleanor Reeder, Sarah Louise Reeder and Prentice Al-
fred Reeder." Sarah Louise Reeder married Clarence
R. Knowlton, the appellee, and died during the lifetime
of the widow of the testator. That she took a vested
remainder was the correct conclusion of the court below.
It vested upon the death of her father, liable to be di-
vested by the widow's consumption if she should have
chosen to exercise the power given her to consume.

Appeal dismissed and decree affirmed at appellant's
costs.