# Hood, Appellant, *v.* Maires.

*Wills—Remainders—Vested and contingent remainders—Construction—Intention.*

1. If there is a present right to a future possession though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate. An unpossessed estate is vested if it is certain to take effect in possession, by enduring longer than the precedent estate.

2. The law favors vested rather than contingent estates, and unless it clearly appears from the context or circumstances of the case that a contingent interest was intended, the remainder will be regarded as vesting at the death of the testator and not at the expiration of the life tenancy.

3. A testator bequeathed all his estate to his wife for her life or until her remarriage and provided that upon the termination of the wife's estate all his property should go to "my five children" (naming them) "to be equally parted and divided among them share and share alike, and to be paid and delivered unto my son at his age of twenty-one years, and to my said daughters at their several respective ages of twenty-one years or the day of marriage, whichever shall first happen. And my will and meaning is that in case any of my said children shall depart this life before such time as the part or portion of him, her or them so dying shall become payable, then and in such case the part or portion to him, her or them so dying shall go to and be equally divided among the survivor or survivors at the time aforesaid." The widow and children survived the testator; one of the daughters married during her minority and died intestate after her majority leaving a child. *Held*, that such daughter's share had become vested and her child became entitled thereto, upon the subsequent death of the widow.

Bartholemew's Est., 155 Pa. 314, distinguished.

Argued March 23, 1916. Appeal, No. 10, Jan. T., 1916, by plaintiff, from judgment of C. P. No. 5, Phila-

delphia Co., March T., 1915, No. 3603, for defendant on
case stated, in case of Jesse A. Hood v. Emma Maires
and Clara Gerhart. Before MESTREZAT, POTTER, MOSCH-
ZISKER, FRAZER and WALLING, JJ. Reversed.

Case stated to determine title to real estate. Before
MARTIN, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for defendants on the case
stated. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Joseph deF. Junkin,* with him *Frederick C. New-
bourg, Jr.,* for appellant.—The children took vested in-
terests subject to be divested: Pyle's App., 102 Pa. 317;
tholemew's Est., 155 Pa. 314.

*William T. Connor,* with him *John R. K. Scott* and
*Adolph T. Kohn,* for appellee.—The interests of the chil-
dren were contingent: Reiff's App., 124 Pa. 145; Bar-
tholemew's Est., 155 Pa. 314.

OPINION BY MR. JUSTICE WALLING, October 2, 1916:

This is a case stated to determine the title to certain
real estate and the question involved is the character of
a certain legacy as to being vested or contingent. The
testator, David G. Wilson, died in 1856. His will so far
as here material being as follows, viz:

"1. I will that all my just debts as shall be by me ow-
ing at my death, together with my funeral expenses and
all charges touching the proving of, or otherwise con-
cerning this my will shall in the first place out of my
personal estate and effects be fully paid and satisfied,
and from and after payment thereof, and subject thereun-
to, I give and bequeath to my loving wife, Mary Wilson,
all my estates, goods, stock, chattels, merchandise and
household furniture, as well as my messuages or tene-

ments situate, lying and being in the City of Philadelphia, aforesaid, together with all of my freehold estate whatsoever to hold to her so long as she shall remain my widow.

"2. Should my wife, Mary, as aforesaid, enter into marriage relation, or depart this life, then in that event, or either of them, I will and bequeath all my estate, goods or effects aforesaid unto and among my five children, George Henry, Martha, Elizabeth, Emma and Clara, to be equally parted and divided among them share and share alike, and to be paid and delivered unto my son at his age of twenty-one years, and to my said daughters at their several respective ages of twenty-one years or the day of marriage, whichever shall first happen. And my will and meaning is that in case any of my said children shall depart this life before such time as the part or portion of him, her or them so dying shall become payable, then and in such case the part or portion to him, her or them so dying shall go and be equally divided among the survivor or survivors at the time aforesaid. And I make and ordain my wife aforesaid executrix of this my last Will and Testament, and I hereby appoint my brother, William M. Wilson, overseer of the same."

He was survived by his widow and the five children. The widow remained unmarried until her death in 1914. Two of the children, George Henry and Martha, died before reaching their majority, unmarried and without issue. Emma and Clara, the defendants in this case, are still living; and the remaining child, Elizabeth, married during her minority and died intestate at the age of twenty-two years, leaving one child, the plaintiff herein. The testator died seized of certain real estate, described in the case stated, which is now in possession of defendants, and the one-third undivided part of which plaintiff claims as sole heir of his said mother.

In our opinion on the death of the testator the widow took an estate for life, or so long as she remained unmarried, with a vested remainder in the five children.

The interest of the son, however, subject to be divested by his death during minority and that of the several daughters by their respective deaths unmarried and before reaching the age of twenty-one years; and that.the interests of George Henry and Martha were so divested, and under the terms of the will passed to their surviving sisters, each of whom thereupon became the owner of one-third of the estate. Elizabeth, having satisfied the conditions of the will both as to marriage and age, had at her death an indefeasible title to her share of said estate, which thereupon became vested in plaintiff by inheritance from his mother, subject to the estate given testator's widow.

The precedent estate was bound to terminate at the latest upon the widow's death, an event sure to occur; and Elizabeth's estate was certain to take effect in possession by enduring longer than the precedent estate and hence was vested. The true rule seems to be that stated by Mr. Justice LOWRIE in Manderson v. Lukens, 23 Pa. 31 (33), and quoted with approval in Carstensen's Est., 196 Pa. 325 (329), as follows, viz:

"The question of vested or contingent is not to be tested by the certainty or uncertainty of obtaining the actual enjoyment; for that would make the character of the estate depend, not upon the terms of its creation, but on the form of the result. Neither does it depend upon the defeasibility or indefeasibility of the right of possession; for many estates are vested without possession, as well as with, which are yet defeasible. If there is a present right to a future possession though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate. An unpossessed estate is vested, if it is certain to take effect in possession, by enduring longer than the precedent estate. Any additional contingency destroys its vested character; but in this case there is no other."

In Neel's Est., 252 Pa. 394, in an opinion by Mr. Justice MOSCHZISKER, the rule is reaffirmed that, "If there is

a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate."

In the case at bar the will was inartificially drawn but the intent is clear. Here there is a gift aside from that implied by a direction to pay over; and time is not annexed to such gift as a condition precedent, and hence in our opinion the legacies to the children vested at testator's death: See McClure's App., 72 Pa. 414; also Safe Deposit & Trust Co. of Pittsburgh v. Wood, 201 Pa. 420.

Of course an estate may be vested although subject to be divested: Packer's Est. (No. 2), 246 Pa. 116, 125.

"The law favors vested rather than contingent estates and unless it clearly appears from the context or the circumstances of the case that a contingent interest was intended, the remainder will be regarded as vesting at the death of the testator and not at the expiration of the life tenancy": Bache's Est., 246 Pa. 276; Tatham's Est., 250 Pa. 269.

In Bartholomew's Est., 155 Pa. 314, relied upon by the learned court below, the language of the will is in part like that of the will here in question, but there are material differences which distinguish the two cases. In that case the only time appointed for the payment of the legacies to those in remainder is after the death of the widow, and the clause found in this will, "and to be paid and delivered unto my son at his age of twenty-one years, and to my daughters at their respective ages of twenty-one years or the date of marriage, whichever shall first happen," is not in the Bartholemew case. And in our case the later words, "at the time aforesaid" are properly construed as referring to the time when the children attain their majority, for that is the time specified in the will for the payment of their respective shares; whereas in the Bartholemew case the words "at the time appointed" can have reference only to the time after the death of the widow, for there the will appoints no other time for division of the estate among the children and

contains no gift to those in remainder until that time; and it is there held that the testator did not contemplate under any circumstances an earlier division of his estate; hence it is held that the shares only vested in those living at the widow's death. In that case a trust is created and the first mention of the children is the direction to divide the money between them after the wife's death. Here the first mention of the children is a bequest to them of the estate in the event of the wife's marriage or death; and each will provides in effect that the survivors shall take the shares of such of the children as die before the time fixed for the payment of their respective legacies.

There is no provision of the will here in question to the effect that the share of a child dying after reaching the age of twenty-one years shall vest in the survivors, and plaintiff's mother was such child.

The assignments of error are sustained, the judgment is reversed and judgment is hereby entered for the plaintiff for the undivided one-third part of the lands described in the case stated.