# Walker's Estate.

*Wills—Construction—Vested and contingent remainders—Presumption—Parent and child—Account—Distribution—Practice, O. C.—Parties—Final distribution.*

1. Where a testator gives an estate to his widow for life, and at her•death to his children, the latter take a vested remainder.

2. A gift over to a person in being and who would take if the life estate was presently terminated will be treated as vested although liable to be divested by some future event.

3. The law leans in favor of a vested rather than a contingent estate, and the presumption is that a legacy is vested.

4. This presumption applies with far greater force where a testator is making provision for his children than where the gift is to strangers or collateral relatives.

5. The fact that a widow who is given a life estate by her husband's will, is also given a power to sell with the right to consume the proceeds, does not enlarge her estate to a fee.

6. Where a testator gives to his wife an estate for life with power of sale and right to consume the proceeds thereof, and after her death gives so much of the estate as may remain to his three sons absolutely, and one of the sons dies after the testator and before the widow, such son takes a vested remainder, and his share, after the death of the widow, will go to his personal representatives.

7. The son's widow, as his administratrix, has such prima facie interest in the estate as enables her to call on the administrators d. b. n. c. t. a. of testator for an account.

8. There is no merit in the contention that they cannot be compelled to file an account until she first files an account for her deceased husband as executor of testator.

9. All questions can be raised and disposed of on final distribution.

Argued April 17, 1923. Appeal, No. 286, Jan. T., 1923, by Elizabeth L. Walker, widow of life tenant, from decree of O. C. Center Co., Jan. T., 1923, Estate No. 9356, discharging rule for citation, in estate of Thomas W. Walker, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Rule for citation to file account. Before QUIGLEY, P. J.

The opinion of the Supreme Court states the facts.

Rule discharged. Elizabeth L. Walker, widow of life tenant, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*N. B. Spangler,* of *Spangler & Walker,* for appellant. —There was a vested remainder in the sons: Cowles v. Cowles, 53 Pa. 175; Reeder's Est., 254 Pa. 85; Groninger's Est., 268 Pa. 184; Martin v. Heckman, 25 Pa. Superior Ct. 451; Chess's App., 87 Pa. 362; Hinkle's App., 116 Pa. 490; Henninger v. Henninger, 202 Pa. 207; Tyson's Est., 191 Pa. 218; McCauley's Est., 257 Pa. 388; Letchworth's App., 30 Pa. 175; McClure's App., 72 Pa. 414; Chew's App., 37 Pa. 24; Ross v. Drake, 37

Pa. 373; Rau's Est., 254 Pa. 465; Carstensen's Est., 196 Pa. 325; Packer's Est., 246 Pa. 116.

*Ellis L. Orvis,* of *Orvis & Zerby,* for appellees, cited: Marshall's Est., 262 Pa. 145; Hildebrant's Est., 268 Pa. 132; Alburger's Est., 274 Pa. 15.

OPINION BY MR. JUSTICE WALLING, May 7, 1923:

Thomas W. Walker, of Centre County, died in 1917, leaving a widow, Annie E. Walker and three sons, viz, Orvis C., Lloyd B. and Victor I. Walker, and a last will, as follows: "First. I bequeath to each of my three sons, their heirs or assigns as follows to wit:—to Orvis C. $500:—to Lloyd B. $500:—to Victor I. $500., all of these alike sums, to be paid out of moneys, or its equivalent, from my estate as soon as convenient after my death. Second. All the residue or remainder of my estate, be it realty or personal property, wheresoever the same may be, or whatsoever it may consist of, I will and bequeath to my beloved wife Annie E. Walker, in lieu of her dower at common law, to hold and possess the same, during her lifetime, and that at the death of my wife, all the property hereby devised or bequeathed to her, as aforesaid, or so much thereof as may then remain unexpended, I give unto my three sons aforenamed, in equal shares, and to their heirs forever. My will is that my said wife shall have sole and exclusive control of all my estate during her natural lifetime, and I hereby empower her to sell any realty or any property of my estate, and to make, execute and deliver to the purchaser thereof good and lawful deed or deeds for the same, as I might do if living. I appoint my wife Annie E. Walker, and my oldest son Orvis C. Walker the executors of this my last will and testament, and empower them to sell any property and convey title for same, the same as I could, were I living, without appraisement or order from the orphans' court." The executors qualified and in 1918 filed a partial account charging themselves with $1,972.57, and claiming

credit for a like sum which included the three legacies of $500 each paid to the sons. The account was confirmed without exception. While the total value of the estate is not shown it was not far from $18,000, of which some $15,000 was real estate and in 1919 the executors sold one piece thereof for $12,325. The son Orvis died January 11, 1920, intestate and without issue, but leaving a widow, Elizabeth L. Walker, the appellant. Annie E. Walker, widow of Thomas W. Walker, died March 9, 1920, intestate. Thereafter the surviving sons, Lloyd B. and Victor I. Walker, took out letters of administration d. b. n. c. t. a., on the estate of their father, Thomas W. Walker, deceased, and, by virtue thereof took into their possession property of the estate of the approximate value of $18,000, including a piece of real estate which they sold. The appellant, as widow of Orvis C. Walker, took out letters of administration upon his estate, and presented her petition to the orphans' court setting out the facts and praying that a citation be issued to the administrators of the Thomas W. Walker estate to show cause why they should not file an account, to which they filed an answer, the substance of which was that the legacy to their brother was not vested but contingent and lapsed by his death prior to that of their mother, and, therefore, they were the only parties in interest and not required to file an account. The orphans' court sustained that position and discharged the citation; from which the petitioner brought this appeal.

In treating the legacy in question as contingent, the lower court fell into error. All authorities agree that where a testator gives an estate to his widow for life and at her death to his children, the latter take a vested remainder (see Porter v. Bryant, 273 Pa. 435; Jennings's Est., 266 Pa. 60; Groninger's Est., 268 Pa. 184; Chess's App., 87 Pa. 362; McClure's App., 72 Pa. 414), but that principle is contested here because of the widow's power of sale and, for the purpose of this case we assume, right of consumption of the principal of the estate. Such right,

however, does not change the nature of the gifts in remainder which are still vested, subject to be divested in so far as the widow may exercise her right of consumption. In Reeder's Est., 254 Pa. 85, the will says: "To my wife......I bequeath the entire balance of my property, both real and personal, to use as she sees fit, for which no bonds shall be required or given, and if, at her death, anything shall be left, said remaining property shall be divided equally between my three children;" we there hold the children took vested remainders liable to be divested by the widow's exercise of the power to consume. The general rule is that a gift over to a person in being and who would take if the life estate was presently terminated will be treated as vested although liable to be divested by some future event. That is, if there is a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is, nevertheless, a vested estate: Neel's Est., 252 Pa. 394. To like effect see Manderson v. Lukens, 23 Pa. 31, 33; Carstensen's Est., 196 Pa. 325, 329; Hood v. Maires, 255 Pa. 128, 131. In Bair's Est., 255 Pa. 169, 173, we hold, quoting from Fearne on Contingent Remainders, that "Whenever there is a particular estate, the determination of which does not depend on any uncertain event, and a remainder is thereon absolutely limited to a person in esse and ascertained, although the nature and duration of the estate limited in remainder may be such that it may not endure beyond the particular estate, and may therefore never take effect or vest in possession, it is not a contingent but a vested remainder." In the instant case the widow's estate was bound to terminate by an event certain to happen, to wit, her death; meantime the son was in being and capable of taking the estate; hence, his remainder was vested although he did not live to enjoy it. In the language of our late Brother STEWART in McCauley's Est., 257 Pa. 377, 381, 382, "Where a legacy is made payable at a future time, certain to arrive, and not subject to condition precedent, it

is vested where there is a person in esse at the time of the testator's death capable of taking when the time arrives, although his interest be liable to be defeated altogether by his own death:" and see Marshall's Est., 262 Pa. 145, 148.

Furthermore, the law leans in favor of a vested rather than a contingent estate and the presumption is that a legacy is vested: Rau's Est., 254 Pa. 464; Neel's Est., supra; Tatham's Est., 250 Pa. 269; Carstensen's Est., supra; "The law......will not suffer the inheritance to be in abeyance if by any reasonable construction of the will this can be avoided": Packer's Est. (No. 2), 246 Pa. 116; and see Bache's Est., 246 Pa. 276; Letchworth's App., 30 Pa. 175.

This is also a case of parent and child. In such case, as said by the present Chief Justice, speaking for the court in Groninger's Est., supra, p. 189, "The presumption that a legacy is intended to be vested applies with far greater force where a testator is making provision for his children than where the gift is to strangers or collateral relatives (Wengerd's Est., 143 Pa. 615, 621; also see Minnig v. Batdorff, 5 Pa. 503); and the reason for this is apparent, for, in the absence of plain evidence on the face of the will itself of a purpose to that end, it cannot be contemplated that one would intend to cut off possible surviving grandchildren, from an inheritance given their parent, simply because the latter might happen to die during the continuance of an anterior life estate:" and see Marshall's Estate, supra. The present will is alike as to all the sons and it is highly improbable the testator intended to cut off the children of either in the event of their father predeceasing the life tenant; the will contains nothing to suggest such an intent. The legacy being vested, passed to the estate of Orvis C. Walker.

That the widow had power to sell the real estate, with the right to consume the proceeds, did not enlarge her estate therein to a fee: Schaaf et al. v. Politowski, 276

Pa. 31; Gross, Admr., v. Strominger, Admr., 178 Pa. 64; Schmid's Est., 182 Pa. 267; Cowles v. Cowles, 53 Pa. 175; Martin v. Heckman, 25 Pa. Superior Ct. 451. In fact the appellees claim only as legatees under their father's will.

Appellees' contention, that appellant cannot compel them to file an account as administrators of the Thomas W. Walker estate until she first files a final account for Orvis C. Walker as an executor of said estate, was not raised in the court below and is without merit. Appellant has such a prima facie interest in the estate as enables her to call upon appellees for an account; other questions can be raised on distribution. In Houser's Est., 177 Pa. 441, called to our attention by appellees, the question of the necessity for such account was raised on final distribution.

The decree of the orphans' court is reversed at the costs of the appellees and the citation is reinstated with a procedendo.