# Barker's Appeal.

A testator directed a trustee to procure a house for his wife and family and pay her $300 annually out of the profits of his real estate for her maintenance and $300 more for maintenance of his children, in the manner specified, during minority, the provision being limited to his wife's widowhood. When his children should attain age, or if his wife "shall at any time prior thereto marry," all his estate to be converted into money, one-third " shall be paid absolutely to my wife in lieu of the previous provisions for her maintenance," the other two-thirds to go to his children. In case the one-third should not amount to $4000, the deficiency to be made up from the children's two-thirds, "so that my wife's share shall be absolutely not less than $4000." *Held,* that the wife's share was vested.

November 18th 1872.   Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Appeal from the Orphans' Court of *Beaver county :* No. 230, to October and November Term 1871.

In the matter of the distribution of the balance in the hands of George S. Barker, executor and trustee, under the will of Thomas A. Barker, deceased.

The following facts were submitted in a case stated to the Orphans' Court :—

T. A. Barker, the testator, died February 15th 1859, seised of real estate in Pennsylvania, and also in Iowa, and owning a considerable amount of personal estate.

He left a will, dated February 7th 1859, by which he gave to his wife Eliza all his household and kitchen furniture, and further directed as follows :—

"Item. Out of my real estate, hereinafter devised in trust to my executor, or out of the proceeds of any sale thereof, I direct my executor, as trustee, to furnish or procure a suitable dwelling-house and appurtenances for the occupancy and comfort of my wife Eliza and family ; and, also, to pay to my said wife the sum of three hundred dollars annually, out of the rents and profits or proceeds of sale of real estate, for her proper maintenance ; and, also, the further sum of three hundred dollars annually from the personal estate, for the maintenance of my minor children, Frank, Harry and Helen (making the aggregate amount of six hundred dollars), in equal quarterly instalments, and such other reasonable sum necessary for the support or education of my said children, the said sums payable during the period of minority of my eldest son, Frank, and until he shall attain the age of twenty-one years, and in case of his death before attaining the age of majority, then until the period when my second son shall have attained the age of twenty-one years, and in case of the death of both of my sons before either of them is of age, then until the time when my daughter shall attain the age of twenty-one years, and the provisions declared being also limited to a period so long only as my said wife shall be and remain my widow, with the further condition, that in case my said wife shall again marry, then the said dwelling-house and appurtenances, and the said sum of six hundred dollars so provided, I direct to become thereafter portions of my general estate, and my wife and several children then to receive their portions; as hereinafter directed, in lieu thereof.

"Item. I give, devise and bequeath all my real and personal estate, of whatever kind or nature, or wherever situated, not already herein before bequeathed, to George S. Barker, of the borough of New Brighton, my brother, whom I do hereby appoint my sole executor of this my last will and testament, as well as my

trustee, subject to the directions and bequests hereinbefore made, and upon the following trusts:—

"That as my said executor and trustee, he is hereby empowered in the management of my real and personal estate, in his discretion to sell at any time, all or any part of my real estate, as he may deem wise and advantageous, and the proceeds thereof to use, convert or invest, for the accumulation of the trust funds."

(All of his personal property he directed to be converted into money and paid in equal portions to his children on their attaining the age of twenty-one years; and in case of the death of either or any of them, to the survivor of them.)

"I accordingly further direct that whenever either or any of my said children shall arrive at the age of twenty-one years, as hereinbefore provided, or whenever my said wife Eliza shall at any time prior thereto marry, all my estate, real and personal, in such case, shall thereupon be sold by my said executor for money, or converted into money, and with other money or accumulations of money, all collections or proceeds derived from the conversion or sale of bonds, mortgages, of leases, of real estate, or of notes, or other evidences of claims, shall become a like final distribution fund, as hereinbefore set forth, and that of the remaining proceeds and accumulations of the real estate devised to my said executor in trust, sold and to be sold, the one-third portion thereof shall be paid absolutely by my said executor to my said wife Eliza in lieu of the previous specific provisions for her maintenance, and that the two-thirds portion, or residue, shall be added to and form part of the aggregate special fund of distribution to my children as already provided, according to the terms, conditions, contingencies as to age, death and survivorship, as is therein fixed and specified; provided, nevertheless, that in case the said one-third portion of the proceeds and profits and accumulations of sales of my said real estate shall not have amounted to the sum of four thousand dollars, then my executor is directed to apportion any deficiency by abatement from the residue or respective shares of my said children which they would otherwise be entitled to receive and enjoy, so that my wife's share shall be absolutely not less than four thousand dollars, as her provision and distributive portion out of real estate sold."

The widow of Thomas A. Barker died unmarried, but by her will, dated the 7th of March, 1862, she bequeathed to her sister Caroline O. Morlan, one thousand dollars, and to her sister Susan A. Wade, the interest of one-half of the residue of her estate, to be paid to her annually, and various other legacies to other persons, and died March 27th 1862, before the arrival of the said Frank Barker at the age of twenty-one years; he has since attained the age of twenty-one years.

George S. Barker, executor and trustee, converted the estate

of said decedent as directed by the will of February 7th 1859, and filed in the Orphans' his account showing a balance of $18,975.17 personal, and $15,508.30 proceeds of real estate.

The widow lived and died in the homestead provided by the executor and trustee, and was paid the annual allowance to the period of her death accepted under provisions of will.

The question submitted for the decision of the court is whether under the will of Thomas A. Barker, Eliza O. Barker his widow at her death possessed any vested devisable interest in the four thousand dollars, or one-third of the proceeds of real estate therein mentioned, that passed or could pass to her executors, or her legatees and devisees named in the provisions of her will.

The Orphans' Court "being of opinion that the bequest to Eliza O. Barker, in the will of Thomas A. Barker deceased, is a vested legacy, it is ordered and decreed that George S. Barker, executor and trustee aforesaid, do pay to John W. Wilson, executor of the last will and testament of Eliza O. Barker deceased, the sum of four thousand dollars, together with lawful interest thereon, to be computed from the 1st day of September 1870."

Frank Barker and others, heirs at law, &c., of Thomas A. Barker, appealed to the Supreme Court, and assigned the decree of the Orphans' Court for error.

*B. B. Chamberlin* and *H. Hice*, for the appellants.—The $4000 was not a vested interest in the widow, but her interest was determined by her death: 4 Kent's Com. 25; Co. Litt. 42 a; 1 Jarman on Wills 731; McCullough's Appeal, 2 Jones 197; Comm'th *v.* Stauffer, 10 Barr 350; Hoopes *v.* Dundas, Id. 75; Knepley's Appeal, 5 Harris 19; 2 Williams on Ex. 1082, 1181; 2 Redfield on Wills 575, 598; Atkins *v.* Hiccocks, 1 Atkyns 500; Richards *v.* Baker, 2 Id. 321; Bennett *v.* Robinson, 10 Watts 348.

*W. S. Morelan*, for appellee.

The opinion of the court was delivered, January 6th 1873, by

AGNEW, J.—An examination of the entire will of Thomas A. Barker leaves no doubt in our mind that the final provision for his widow, Mrs. Eliza O. Barker, was vested and not contingent. After making sundry bequests to his children as memorials, and to his sister one of $200, he begins the general distribution of his estate in these words: "Of my remaining worldly possessions and goods, real and personal, I do hereby make the following disposition." He thus declares his unequivocal intent to dispose of all his worldly estate, and to die intestate of none, an intent which is frustrated, as we shall hereafter see, if the final bequest to Mrs. Barker be contingent and not vested. He then bequeaths to his wife Eliza all his household and kitchen furniture. The next thing he does, not however in the order set down in his will, for its

arrangement is not orderly, is to create a trust of all his estate real and personal, with large powers conferred on his trustee in its management, conversion and final sale. This trust, it is to be believed, began immediately, and embraced all that was comprehended under the terms "remaining worldly possessions and goods, real and personal," excepting perhaps the household and kitchen furniture, which went directly to Mrs. Barker. The trust was then devoted to the bequests and purposes of the testator's will. The next purpose of the testator was a temporary provision for his widow and children during their minority, or until the widow should again marry, a thing which he deprecated, and desired her not to do for the sake of his children; but in case she did so, he directed that this provision should cease, and that the dwelling-house and money constituting the temporary provision should fall back into his general estate, of which the widow and children should "then receive their portions in lieu thereof," indicating thereby clearly his intention to make a final, fixed, and vested provision for both widow and children. They are linked together both in the temporary and in the permanent provision in such a manner as to forbid the belief that the provision for the children should be absolute, and that of the widow contingent. This is not an inference only, for when he comes to the permanent provision for his widow out of the proceeds of the real estate, he says in express words: "The one-third portion thereof shall be paid absolutely by my said executor (the trustee) to my said wife Eliza, in lieu of the previous specific provisions for her maintenance." Thus if the temporary provision were absolute and not contingent, of which there can be no doubt, for it was to take effect immediately on the testator's death, the permanent provision could not be less absolute, for it was to be in lieu of the former, which was for the express purpose of maintenance, a purpose clearly not intended to be contingent. Another indication of the testator's intent to make the permanent provision for his widow absolute, is the fact, that though he deprecated her marriage as likely to interfere with her attention to the care and education of his children, yet he made this provision expressly for her marriage; and not conditional or dependent merely, for she was to have the provision at all events on Frank's arrival at age. Thus marriage was only to precipitate a bequest concededly absolute in her on the arrival of Frank of age, if she then continued a widow. Besides, if the bequest were purely contingent on marriage, it would be an inducement to her to marry speedily, a motive the testator clearly did not intend to hold out to his widow. There is still stronger reason to show that the provision for Mrs. Barker was not contingent. As we have seen, the testator did not intend to die intestate of any portion of his estate, a result certain to take place if the provision for her

is contingent. In the paragraph of the will making distribution among the children, the testator directs his executor, as trustee, to sell his personal property, and convert it into money, to which fund all other moneys (enumerating various sources) " together (he proceeds to say) with the *portions* of my said children derived from the sale of my real estate *as hereinafter determined* under the provisions of this my will, shall be added, and the aggregate shall be a fund of final distribution," which he then proceeds to make among his children. These *portions* of the real estate, it will be seen in the next paragraph are but *two-thirds* and not the whole of the proceeds of the real estate.

Coming to the next paragraph, he proceeds to direct the sale of all his real and personal estate, whenever his wife marries or one of his children arrives of age; and the money, he proceeds to say, " shall become a like *final* distribution fund as *hereinbefore set forth*, and that of the *remaining* proceeds and accumulations of real estate devised to my said executor in trust, sold and to be sold, the *one-third portion* thereof shall be paid *absolutely* by my executor to my said wife Eliza, in *lieu* of the previous specific provisions *for her maintenance*, and the *two-thirds* portion of the residue shall go to my children as *hereinbefore provided.*" These are the " *two-thirds portion*" which in the preceding paragraph he had added to the personal estate, and formed into a *final* distribution fund, divided among his children. The consequence therefore is, that the one-third of the proceeds of the real estate allotted to his wife is wholly undisposed of, if not vested; for there is no provision or bequest over of this third, upon the supposed contingency not happening. If therefore Mrs. Barker died unmarried and before the arrival of Frank at age, the testator has made no disposition of this third. But this is contrary to the declared intention of the testator, to dispose of all of his estate, and to give the one-third of the real estate absolutely to his wife in lieu of the temporary provision for maintenance, and the specific bequest of two-thirds only of the real estate to the children. In this connection we may notice also, that the will contains no other residuary clause than that already mentioned, and of which the bequest to the widow is itself a part. Upon the whole will, we cannot doubt that the permanent provision for Mrs. Barker vested at the testator's death, but was delayed in the time of the enjoyment until her marriage or the arrival of Frank at majority.

Decree affirmed with costs to be paid by the appellants.