## Jennings's Estate.

*Wills—Construction—Vested estate in remainder—Remainders.*
Where a testator gives his estate to his wife and after her death to his three children share and share alike, "and in the event of the death of any of the said children leaving a child or children, such

child or children to take the share of their parent," a daughter who survives her father and dies in her minority in the lifetime of her mother, intestate, unmarried and without issue has a vested estate in remainder subject to the mother's life estate, and her share will be awarded to her personal representative for future accounting to those entitled thereto.

Argued October 15, 1919. Appeal, No. 75, Oct. T., 1919, by Union Trust Company, of Pittsburgh, from decree of O. C. Allegheny Co., Feb. T., 1919, No. 264, dismissing exceptions to adjudication in Estate of John G. Jennings, deceased. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, J.

The court dismissed the exceptions. The Union Trust Company of Pittsburgh, trustee under the will of decedent, appealed.

*Error assigned* was in dismissing the exceptions.

*Thomas W. Neely,* for appellant.

*John G. Frazer, Robert J. Dodds, W. L. G. Gibson* and *Reed, Smith, Shaw & Beal,* for appellee, were not heard.

PER CURIAM, January 5, 1920:

The testator, who died September 20, 1912, thus disposed of his estate: "I give, devise and bequeath to my beloved wife, Catharine McCandless Jennings, all my property, real, personal and mixed, of what kind or character soever and wheresoever the same may be situate, for and during the term of her natural life, and at her death I direct that the same be divided between my three children share and share alike, and in the event of the death of any of said children leaving a child or children, such child or children to take the share of their parent." Catharine McCandless Jennings survived her

husband, as did his three children, a daughter, Catharine, and two sons, Charles and Richard. The daughter died in her minority, March 22, 1918, intestate, unmarried and without issue. The court below, being of opinion that her interest in her father's estate was vested, awarded her share in it to her personal representative for future accounting to those entitled thereto. From this the Union Trust Company, of Pittsburgh, executor and testamentary trustee under the will of testator, has appealed.

The daughter, Catharine, was in esse at her father's death; he fixed her mother's death as the time when she was to come into possession of her share in his estate; the bequest was not qualified, but absolute; no precedent condition was attached to it, and the time fixed for the enjoyment of it was not expressly or by implication annexed to the gift. The interest clearly vested at testator's death: Carstensen's Est., 196 Pa. 325; Bair's Est., 255 Pa. 169; McCauley's Est., 257 Pa. 377. In Marshall's Est., 262 Pa. 145, the gift was a mere direction to pay, but it was held vested, because "Though there be no other gift than in the direction to pay or distribute in futuro, yet if such gift or distribution appears to be postponed for the convenience of the fund or property, or where the gift is only postponed to let in some other interest, the vesting will not be deferred till the period in question. Thus where stock is bequeathed to A. for life, and after his decease to trustees, upon trust to sell and pay, and divide the proceeds to and between C. and D.; as the payment or distribution is evidently deferred until the decease of A., for the purpose of giving precedence to his life interest, the ulterior legatees take a vested interest at the decease of the testator: 1 Jarm. on Wills, 764."

Appeal dismissed and decree affirmed at appellant's costs.