## Porter, Appellant, *v.* Bryant et al.

*Will—Construction—Devise—Vested and contingent estates.*

1. Where a testatrix devises real estate to one for life and after the death of the life tenant, one-half of the estate to a son of testatrix, and the other half to two other children each to take one quarter, and by codicil directs that "if any of my children should die before division is made of the property, I wish their children to have share and share alike of their parents' portion." and the son dies before the life tenant, leaving a son and daughter, to whom he devises his one-half interest in the real estate, and thereafter such son dies in the lifetime of the life tenant, such son has a vested interest in one-fourth of the real estate, which he may by will devise to his wife.

2. No decision construing a will, rules the construction of a subsequent will.

Argued March 8, 1922. Appeal, No. 282, Jan. T., 1922, by plaintiff, from decree of C. P. No. 3, Phila. Co., Dec. T., 1920, No. 6682, awarding partition, in case of Helen Porter, individually and as trustee under the will of William Porter, deceased, v. Margaret Ann Bryant and James M. Bryant, her husband; Simon Porter and Mary Porter his wife; Anna L. Culligan Porter, individually and as trustee under will of Frederick P. Porter, deceased, and Mary T. Porter. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for partition. Before FERGUSON, J.
The opinion of the Supreme Court states the facts.
Decree in partition granted. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Arthur S. Minster* and *Francis Shunk Brown,* for appellant.—Where a direction in a will to pay or divide constitutes the bequest, the vesting of the interest itself

is postponed, and not merely the possession or enjoyment of it: Evans' Est. (No. 1), 264 Pa. 357; Rosengarten v. Ashton, 228 Pa. 389; Blaney v. Sin Clair, 216 Pa. 258.

When the gift is to a number of persons as a class, those members of the class who survive when the gift takes effect will take: Gross's Est., 10 Pa. 360; Hunt's Est., 133 Pa. 260; Denlinger's Est., 170 Pa. 104; Cascaden's Est., 153 Pa. 170.

*Frederick J. Knaus,* with him *Allen C. Thomas,* for appellee, cited: Carstenson's Est., 196 Pa. 325; Neel's Est., 252 Pa. 394, 406-7; Bair's Est., 255 Pa. 169, 174; Marshall's Est., 262 Pa. 145, 147-8; Jennings's Est., 266 Pa. 60; Groninger's Est., 268 Pa. 184; Chew v. Chew, 266 Pa. 526; Pennock's Est., 20 Pa. 268; Boyle v. Boyle, 152 Pa. 108.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 27, 1922:

Helen Porter, appellant, "individually and as trustee under the will of William Porter, deceased," filed a bill, for partition of real estate, against several defendants, among others, the present appellee, Anna L. Culligan Porter, "individually and as trustee under the will of Frederick P. Porter, deceased." The court below found, contrary to the contention of appellant, that appellee was possessed in fee of a one-fourth undivided interest in the real estate in controversy, and ordered partition accordingly; hence this appeal.

In order to ascertain and determine the several shares of the persons owning the premises here involved it is necessary to construe the will of Mary Jane Porter, under whom all the parties claim. Mrs. Porter died December 10, 1907; she devised the property to her daughter Eliza Porter for life, and, after the latter's decease, to testatrix's other children, thus: "One-half part thereof unto my son William, one-fourth part thereof unto my son Simon and the remaining one-fourth part thereof

unto my daughter Margaret Ann Bryant, wife of James Moore Bryant." In a codicil testatrix explains: "at my daughter Eliza's death the property to be divided as follows, one-half part thereof......to go to my son William Porter and one-fourth part thereof to go to my son Simon Porter and one-fourth part thereof to go to my daughter Margaret Ann Bryant, being the same parties mentioned in my will." In another codicil she states: "I wish my daughter to have full use of the income of the property during her life......and further if any of my children should die before division is made of the property, I wish their children to have share and share alike of their parents' portion of such property."

Decedent was survived by the children before mentioned, and Eliza entered into possession and enjoyment of the life estate devised to her; William Porter, one of these children, died during the lifetime of his sister Eliza, leaving a will, whereby he gave to his son and daughter, Frederick P. Porter and Helen Porter (appellant), "any real estate or interest therein which I can dispose of by will," upon certain trusts. Then Frederick, the son of William, died, without issue, before the life tenant Eliza, leaving a will, under which Anna L. Culligan Porter (appellee) claimed, as his sole devisee, a one-fourth undivided interest in the real estate for partition, on the ground that her late husband, Frederick Porter, was (under the will of the testatrix, Mary Jane Porter) seized thereof in fee at the time of his death, subject only to the life estate of his aunt Eliza, who, as previously stated, has since died.

Appellant contends that her father, William Porter, had a vested remainder in one-half of the estate of Mary Jane Porter, subject only to the life interest of his sister Eliza, and that this remainder was a fee simple absolute, which, on the death of Frederick Porter, prior to that of the life tenant, passed, under William's will, to her, the appellant.

The court below did not sustain appellant's view; on the contrary, it held that "William's interest vested upon the death of his mother, subject to the possibility of its being divested by reason of his death during the life time of his sister Eliza, which in fact happened"; that "upon William's death there were two parties in esse ready [under the express language of his mother's will] to take his share, to wit, his children, Frederick P. Porter and Helen, with no contingency attached to the gift to them or other condition affecting their interests"; and the court concluded, "it follows that Frederick P. took a vested estate in his lifetime, which necessarily passed by his will to his widow, who takes that interest absolutely."

We see no error in the conclusion reached by the learned court below; and, since in several recent opinions this court has exhaustively discussed the general rules and principles relevant to cases of the character of the one now before us, it would serve no good purpose to go over the field again at this time: see Carstensen's Est., 196 Pa. 325; Neel's Est., 252 Pa. 394, 406, 407; Marshall's Est., 262 Pa. 145, 147, 148; Jennings's Est., 266 Pa. 60, 61-2; and Groninger's Est., 268 Pa. 184. Of course, the facts in none of these cases are precisely similar to those at bar, and no decision, construing a will, rules the construction of a subsequent will, yet, as above said, the governing principles, here relevant, will be found discussed in the authorities mentioned.

The assignments of error are overruled and the decree is affirmed at cost of appellant.