## Geisse's Estate.

*Wills—Construction—Conversion.*

1. Decedent had eight children living at the time of the execution of the will, of the codicil thereto, and at the time of his death. By his will he provided as follows: "To pay and divide all the rest, residue and remainder of my property, real and personal, to my children now living and the issue of such of my children now living who may be then deceased, their heirs and assigns absolutely, the issue of any deceased child to take the same portion the parent would have received if he or she were living." He also gave authority to his executors to sell any or all of his real estate "whenever in their opinion they may deem it advisable." Under the power, the executors sold certain of the residuary realty and filed this account of the proceeds: *Held,* that the fund was distributable among the issue of the eight children, their parents being dead, to the exclusion of the issue of a son who was dead when the will was executed.

*Res adjudicata—Law of the case—Several accounts of different funds.*

2. While a decree confirming an account is conclusive as to the fund then before the court, it does not bind the court when another account in the same estate comes before it for adjudication. Hence, adjudications which dealt with funds distributable, because of the termination of annuities upon the death of the annuitants, were not *res adjudicata* upon the distribution of the proceeds of realty forming a part of the general residuary estate.

Exceptions to adjudication. O. C. Phila. Co., April T., 1882, No. 244.

*C. Berkeley Taylor,* for exceptant; *Charles Sinnickson,* contra.

LAMORELLE, P. J., April 28, 1923.—The exceptions raise but one question: Should the share of Antoinette F. De Muth in the residuary estate of her father, F. William Geisse, be (1) awarded to the trustees named in her will,

3 D. & C.

Geisse's Estate.

or (2) to the trustee under the will of her daughter, Ella T. Mackenzie? In either case, the ultimate result will be the same: *corpus* passes to the descendants of Ella T. Mackenzie, though in the former the husband of Ella T. Mackenzie may participate in income, while in the latter he certainly does.

The auditing judge in the present accounting, which is of proceeds of residuary real estate, decided in favor of the first of the above propositions; whereupon George Allan Mackenzie, surviving husband of Ella T. Mackenzie, filed exceptions in his own name, but none as executor of or as trustee under the will of his deceased wife.

There is nothing of record to show that he, as husband, has any such standing, and we might well dismiss his exceptions on that ground alone; we prefer, however, to discuss the case on its merits.

The proper solution is found in that clause of the will of F. William Geisse which disposes of his residuary estate, and to a certain extent in previous adjudications.

A concise statement of the relevant facts would seem to be essential for a proper understanding of our conclusions.

F. William Geisse had eight children living at the time of the execution of his will, of the codicil thereto, and at the time of his death. His will provided that the residue of his estate should pass to these eight children, as is clear from this extract bearing on the subject: "To pay and divide all the rest, residue and remainder of my property, real and personal, to my children now living and the issue of such of my children now living who may be then deceased, their heirs and assigns absolutely, the issue of any deceased child to take the same portion the parent would have received if he or she were living."

He also made two bequests to two sons, created annuities for three other sons, for three daughters and for one grandchild, son of testator's son, William, all by name.

The purpose of the codicil, made some twelve days after the will, is not apparent (because the son William had died many years before), save perhaps to "make assurance double sure." Testator says: "I add this codicil to my will to declare more explicitly one purpose therein intended. I direct that no part or share of my residuary estate shall go to my grandson William Geisse, but the same shall be divided among my children at this time alive (excluding of course his father, William Geisse) and the issue of such as may be then deceased, and I do hereby republish my Will in all respects except as it is or may be hereby altered."

William Geisse, the grandson, could not inherit under the item of the will above set forth, no matter what interpretation short of intestacy should be given it. It is not, therefore, helpful in construing the residuary clause of the will, except possibly to emphasize the scheme of division.

All of the eight named children are now dead, as is William Geisse, the grandson; both legacies have long since been paid, and the funds released by the decease of the annuitants have been distributed under decrees of this court.

The present is a final accounting, and is, as before stated, exclusively of proceeds of real estate.

In our opinion, this real estate vested in the eight children as of the date of the death of F. William Geisse. True, authority was given the executors to sell any or all of the real estate "whenever in their opinion they may (might) deem it advisable," but the date of actual sales is not to be taken as the test as to those who are to participate in the proceeds: Harrar's

Estate, 244 Pa. 542. The beneficial enjoyment was in the eight children, and at any time they could have demanded a sale or a conveyance, subject only to the retention of sums sufficient to insure the payments to the annuitants.

So far as past adjudications are pertinent, at an audit had in 1910, the then auditing judge was called upon to determine whether Theodore F. Geisse, a son, who died in 1886, having by a will given his estate unto a sister, Seville P. Geisse, should share in proceeds arising from sale of residuary real estate. This extract from his adjudication is in point:

"The auditing judge is of opinion, after due consideration of the will and of the codicil, that Theodore F. was entitled to participate in the residuary estate. He was a child living at the time of the making of the will, survived the testator and came within the express phraseology of that clause wherein William Geisse gave his residuary estate to his children 'now living;' that is to say, living at the time of the execution of the will. This intent, thus manifested by appropriate language, is reaffirmed by the codicil, wherein testator, in directing that no part or share of the residuary estate shall go to his grandson William, says that the same shall be divided 'among my children at this time alive.' While this interpretation of the will is at variance with that expressed in the previous adjudication, it must be borne in mind that the question then before the court was whether Theodore should share in any part of the fund which fell in because of the termination of his annuity. A decision that his personal representatives took no part of the $10,000 then distributable did not necessarily affect their right to participate in the residue; *that* vested in him at the time of the death of testator. Moreover, while a decree confirming an account is conclusive as to the fund then before the court, it does not bind the court when another account in the same estate comes before it for adjudication: Guenther's Appeal, 4 W. N. C. 41."

This ruling is similar to that now under consideration because of the exceptions.

The "previous adjudication" referred to was that of Judge Penrose, and had to do solely with the annuity of $600 given Theodore F. Geisse in and by his father's will. The question submitted to Judge Penrose was what disposition should be made of the $10,000 because of the death of the annuitant. He held that Theodore should not participate in any part thereof, and that the fund thus released passed to testator's other children then living and to the issue of any then deceased. We deem it proper to incorporate in this opinion so much of that adjudication as is relevant: "After some hesitation, the auditing judge is of opinion that the construction of this provision suggested in the petition for distribution hereto annexed, viz., that the word 'then' is to be understood as referring to the time of distribution, is the correct one. It will be observed that the testator had given his entire residuary estate to trustees, whose first duty was the payment of annuities to some of his children. There could only be, therefore, an immediate distribution of such surplus as might remain after setting apart enough to secure the payment of the annuities, while the principal sums representing the annuities could only come back for distribution at the death of the children respectively, and, except in the case of his son Theodore, at the death of an annuitant without leaving children. The direction that the principal of an annuity should go to the children of an annuitant was withheld in the case of Theodore. It is difficult to believe that the testator intended Theodore to participate in the distribution of a residue which was not to be distributed so long as he lived; and there is nothing to show a difference of intention with regard to the other children of the testator. The ordinary form of expression, where

3 D. & C.

the death of the testator is intended to fix the time for the vesting of his estate among his children or their issue, is 'to my children living at the time of my decease and the issue of such as may be then dead,' the meaning of the word 'then' being thus clearly defined to be the date of his own death. There is nothing to indicate this meaning in the present case, nor is there any technical rule which requires that it should be adopted. The meaning of the testator is to be gathered from the entire will and the attendant circumstances, and a construction is not to be adopted which would lead to results manifestly not within his contemplation.

"The distribution now to be made, therefore, will be between the surviving children of the testator, Seville F. Geisse, Antoinette F. Demuth, Emilie T. Benson, the children of Charles Geisse, now deceased, the children of Edward C. Geisse, deceased, the children of Philip Geisse, and the children of Herman C. Geisse, deceased; such children taking, in each case, the share which their parent would have taken if living."

It is apparent that this ruling was without effect on any residuary estate not required for the annuities; and it must be borne in mind that the fund now before the court was not required for the annuitants, in that they are long since dead and the annuities have long since terminated.

Judge Anderson, in his readjudication of June 4, 1912, of an account filed because of the death of Seville P. Geisse, a daughter and an annuitant, who died without descendants, ruled that the fund which produced her annuity should be divided into eight equal parts, in that testator directed that on her decease, if she had no issue, the principal should "fall into my (his) residuary estate." He held that the two children of testator who died without issue, Theodore F. and Seville P., had vested interests as of the date of the testator's death, and that those children who died afterwards, leaving issue, became divested of their vested interest and that their children took by substitution.

This adjudication differed in some respects from the two which preceded it. It may be well to state that this particular adjudication, like that of Judge Penrose, dealt solely with a fund distributable because of the termination of an annuity because of the death of the annuitant. The auditing judge was not required to interpret the will with reference to the residuary estate proper; that is, such residue as was not held for annuity purposes alone. Even if these adjudications did attempt by analogy or by implication to decide the broader question, they are not binding as to other and different funds, the subject of further accountings: Kellerman's Estate, 21 Dist. R. 521; 52 Pa. Superior Ct. 412; 242 Pa. 3.

Judge Gest, in distributing the residuary estate in this, the final accounting, has construed the will as vesting interests in the eight children, following the one adjudication which so interpreted the will, but not so ruling because he felt himself bound by that decree. The cases cited by exceptant, Carstensen's Estate, 196 Pa. 325; Tomlinson's Estate, 61 Pa. Superior Ct. 23; Rowland's Estate, 151 Pa. 25; Porter v. Bryant, 273 Pa. 435, are not applicable. The wills therein under consideration differ in language or concern gifts over after life estates; here we have an outright gift found in the words "to pay and divide" among the children who were living when the will was executed and who are the eight who survived testator. Their interests vested at the time the will became operative because of such facts, and the delay in selling this particular real estate should not affect vested rights; in short, the dominant thought is the gift to the children living when the will was made; they are the first objects of testator's bounty, and the usual rule of absolute vesting is the one which governs.

Geisse's Estate.

We have used the name F. William Geisse throughout this opinion, when referring to testator, because this court by its decree, dated June 22, 1882, amended the record so that F. William Geisse was to be substituted for William Geisse (the name testator signed to his will, while at the time stating that he had been baptized Frederick William Geisse).

The exceptions are dismissed and the adjudication is confirmed absolutely.