## Brumbach Estate.

Argued January 7, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*Charles H. Weidner,* with him *John H. Bertolet* and *Stevens & Lee,* for appellants.

*James W. Bertolet,* for appellee.

OPINION BY MR. JUSTICE BELL, March 23, 1953:

Did Frank E. Brumbach take a vested estate or was it contingent upon his surviving the life tenants?

Albert *J.* Brumbach died in 1923, leaving three sons, two daughters and three children of a deceased daughter. In the Seventh Item of his will the testator divided his residuary estate into six equal shares and provided, inter alia, as follows:

"(e) Out of one share I give and bequeath to my daughter Emma Ammon, the sum of Five Thousand Dollars ($5,000.00) absolutely. The remainder of such share . . . I give, devise and bequeath to such Trust Company in the City of Reading as may be selected by my said daughter Emma as trustee, to hold the same in trust for my said daughter Emma and invest the same in good securities and to pay the income therefrom to my said daughter Emma for and during the term of her natural life, and after her decease to pay the income from Forty Thousand Dollars ($40,000.00) thereof to my said daughter's husband Custer Ammon in case he survives her for and during the term of his natural life, and to pay the balance of said trust estate immediately upon the death of my said daughter Emma and the said Forty Thousand Dollars ($40,-

000.00) upon the death of my said daughter's husband, he surviving her, to my remaining children and the family of my deceased daughter Ida E., as follows: one-fifth thereof to my son Solomon A., one-fifth thereof to my son William D., *one-fifth thereof to my son Albert D., the issue of any such son who may be deceased to take the same share their parents would have taken if living,* one-fifth thereof to my daughter Katie G. Ermentrout, and one-fifth thereof in three equal shares to my granddaughters Edna Snyder Hiller and Sarah Snyder Reber and to Grace B. Snyder the widow of my grandson Percy B. Snyder and her children by the said Percy B. Snyder; such shares so going to my daughter Katie G. and to the said Edna Snyder Hiller, Sarah Snyder Reber and Grace B. Snyder to be added to and form a part of the trust estates herein created for them and to be subject to all the trusts therein set forth."

Emma Ammon died September 29, 1951; she was survived (1) by a daughter and grandson of Solomon; (2) by three children of William; and (3) by the three named granddaughters who were children of Ida. The issue of William and Solomon, and the trustees for the three named granddaughters of Ida are the eight appellants in this case. Katie G. Ermentrout died November 6, 1928, without issue.

Testator's son, Albert *D.* Brumbach, died May 1, 1933, survived by a son, Frank, and a widow, Carrie E. Brumbach, to whom he gave his estate in equal shares. Frank died December 15, 1934, intestate, unmarried, without issue, survived by his mother, who was Albert D.'s wife. Frank's mother died July 19, 1938, intestate; Letters of Administration on her estate were granted to Stuart E. Brumbach, the exceptant, and Raymond J. Bulles, the latter now deceased. Appellants contend that the gift to Albert *D.*'s issue was

contingent upon their surviving Emma Ammon, the life tenant; appellee contends that the gift to (Frank, who was) Albert *D.*'s only issue, was vested upon the death of Albert D. before the life tenant.

Stated in simple language the scheme or plan and intent of the testator was to give to each of his children, including his son Albert D., a 1/6th equal share of his residuary estate. The share for his daughter Emma was to be held in trust to pay the income to her for life and after her death (and the death of her husband) to pay the principal in equal shares to each of his other (4) children (three sons and daughter) whom he *specifically named* and to the family of his deceased daughter, Ida, viz., her three children whom he likewise specifically named.

With respect to the gift or share for each son, it is clear from a consideration of the entire will—from its language as well as from its scheme or plan—that the testator intended to and actually did bequeath 1/5th of the principal of Emma's share to his son Albert, or if Albert died before the life tenants, to Albert's issue. The gifts to his daughter, whom he named, and to the children of his deceased daughter, whom he named, were unquestionably vested and became a part of their respective trusts; it would be unlikely that the testator intended to make the gifts to his daughters vested and the gifts to his sons contingent; the language itself makes clear, we repeat, his intention to give each of his sons a vested remainder, subject to be divested and paid to the son's issue if the son predeceased the life tenants.

In addition to the clear and unqualified language of the *absolute* gift to issue, we note that there was no condition or limitation upon it; no contingency of survivorship was attached thereto; no alternative or

substitutionary gift was made if the son's issue failed to survive the life tenants. The absence of any such provision in connection with an absolute gift, is a significant and important fact which strongly indicates an intention to make a vested rather than a contingent gift: *Renner Estate,* 358 Pa. 409, 57 A. 2d 836; *Packer's Estate, No. 2,* 246 Pa. 116, 92 A. 70; *Brown's Estate,* 289 Pa. 101, 137 A. 132; *Barker's Appeal,* 72 Pa. 421; *Estate of Ramey,* 108 Pa. Superior Ct. 156, 163 A. 922; *Roberts's Appeal,* 59 Pa. 70.

If there were any real or substantial doubt or ambiguity with respect to this gift to Albert's issue, it should be resolved in favor of the issue, since the law favors vested remainders,—especially where a testator is making provision for a child or a grandchild—and an interest will be construed to be contingent only when such an intention clearly and manifestly appears: *Newlin Estate,* 367 Pa. 527, 534, 80 A. 2d 819; *Weir's Estate,* 307 Pa. 461, 161 A. 730; *McCauley's Estate,* 257 Pa. 377, 101 A. 827.

In *Bomberger Estate,* 347 Pa. 465, 32 A. 2d 729, Mr. Justice STEARNE said (p. 470) : " 'When a condition of survival to the time of distribution has been annexed to the gifts to the first takers, but not to the gifts to the substituted beneficiaries, the condition is not to be implied with respect to the latter': President Judge VAN DUSEN in Carpenter's Estate, 42 D. & C. 367-369. See also: Carstensen's Estate, 196 Pa. 325; McCauley's Estate, supra; Evan's Estate, 5 D. & C. 551; McCurdy's Estate, 9 D. & C. 84."

This construction of a vested estate in Albert's issue is supported not only by well established legal principles, but also by many decided cases. See *Porter v. Bryant,* 273 Pa. 435, 117 A. 190; *McCauley's Estate,* 257 Pa., supra; *Bomberger Estate,* 347 Pa., supra;

*Carstensen's Estate,* 196 Pa. 325, 46 A. 495; *McClure's Appeal,* 72 Pa. 414; *Lloyd's Estate,* 326 Pa. 230, 192 A. 98; *Jennings's Estate,* 266 Pa. 60, 109 A. 544.

The decree is affirmed at the cost of appellant.