## Burns Estate.

624

Argued January 7, 1955. Before STERN, C. J., JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Philip A. Bregy,* with him *MacCoy, Evans & Lewis,* for appellants.

*Therman P. Britt,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, March 14, 1955:
The rights of the parties to this controversy depend upon the construction of the will of Elizabeth H. Burns. Mrs. Burns, a resident of Montgomery County, died on October 19, 1952 leaving a will in which she disposed of her residuary estate in Item VI thereof, the first clause of which provided: "Because my children are so well provided for under the wills of their father and their great-grandfather, and for no other reason, I give, devise and bequeath all the rest, residue and remainder of my estate of every kind and nature whatsoever and wheresoever situate and over which I may have any power of appointment to my mother, Maud Emery Hatch, absolutely should she survive me, with the proviso, however, that although she is to have the privilege and power of disposing of and consuming my estate if she so desires, nevertheless, should any part of my said residuary estate remain undisposed of upon the death of my mother, I give, devise and bequeath the said undisposed of balance of my said residuary estate absolutely to my husband's stepsister, Mabel Klingen-

schmitt, if she shall survive my mother . . .". Then followed a number of clauses which, in the event that Mabel Klingenschmitt predeceased Mrs. Hatch, gave the remaining residue to the testatrix's two children, Valerie and Robert, or their issue, or if none survived Mrs. Hatch, to the Woman's Medical College and Hospital, Philadelphia, Pennsylvania. A clause also provided that if Mrs. Hatch predeceased the testatrix and Mabel Klingenschmitt survived the latter, Mabel Klingenschmitt was to receive all of the residuary estate absolutely.

Both Mrs. Hatch and Mabel Klingenschmitt survived the decedent. On March 21, 1953, about three months after the decedent's death, Mrs. Hatch died, leaving all of *her* estate to Ida Fiske Hale whom she also named as executrix. The court below entered a final decree confirming the decree nisi of the auditing judge who awarded the remaining residue of Mrs. Burns' estate to Mabel Klingenschmitt. Ida Fiske Hale, as executrix and residuary legatee under Mrs. Hatch's will, appeals therefrom.

In claiming the residue of Mrs. Burns' estate, appellant contends that under the first clause of Item VI above recited Mrs. Hatch received either an absolute estate or at least a life estate with a general power of appointment which she exercised by her will. In contending that Mrs. Hatch took an absolute estate, appellant must ignore the proviso contained in the same clause—indeed in the same sentence—which qualifies the initial language employed by restricting it to the power "to dispose of and consume" with a gift over of the residue remaining. In *Kern's Estate*, 296 Pa. 348, 145 A. 824, Chief Justice MOSCHZISKER, quoting with approval from *Montgomery, Jr. v. Martin et al.,* 294 Pa. 25, 32, 143 A. 505, said: ". . . 'The office of a proviso is to qualify, restrain or otherwise modify the gen-

eral language' of a principal clause; 'a proviso . . . can have no existence separate and apart from the provision which it is designated to limit or qualify.' We there further pointed out that 'these are not technical but common sense rules, applicable to the interpretation of any written instrument.' . . .".

It is argued that under the proviso which states that Mrs. Hatch ". . . is to have the privilege and power of disposing of and consuming my estate . . .", Mrs. Hatch received two separate powers, one the power to dispose of the property to others, and the other the power to consume, both incidents of a fee; and that whether Mrs. Hatch received a fee or a life estate, she had the power of disposition of the entire residuary estate as though the absolute owner thereof. This construction would mean that Mrs. Hatch could dispose of it by will, and thus virtually render idle and nugatory the gift over to Mabel Klingenschmitt and other contingent beneficiaries upon the death of Mrs. Hatch, the first taker. In *Byrne's Estate,* 320 Pa. 513, 181 A. 500, a testatrix gave her residuary estate to her sister absolutely. In another paragraph she provided ". . . 'Upon the death of my said sister, R. Philomena Byrne, should any part of my estate remain, I give, devise and bequeath the same to my beloved niece, Mrs. J. M. Shadle.' ". The court below awarded the residue remaining to the sister. This Court reversed and awarded it to the niece, stating in the course of its opinion at p. 518: ". . . The use of words of restriction after language which in itself would be sufficient to create an absolute estate may of course be evidence—to be considered with other provisions in the will—of an intent to create a less estate. Accordingly, a gift over after the death of the first taker may indicate an intention to vest in the first taker no more than a life estate; and where an examination of the whole will discloses such to be the con-

trolling intention it will of course be given effect.".
And see *Brennan's Estate,* 324 Pa. 410, 188 A. 160.

As we stated in *Lifter Estate,* 377 Pa. 227, 103 A.
2d 670, at p. 231: "The intention of the testator is the
pole star in the interpretation of every will and that
intention must be ascertained from a consideration of
the entire will, including its scheme of distribution as
well as its language, together with all the surrounding
and attendant circumstances: Lyle Estate, 374 Pa. 344,
97 A. 2d 830; Brumbach Estate, 373 Pa. 302, 95 A.
2d 514; Newlin Estate, 367 Pa. 527, 80 A. 2d 819;
Anderson Estate, 373 Pa. 294, 95 A. 2d 674." We are
satisfied that a reading of Mrs. Burns' entire will
clearly discloses that she intended that Mrs. Hatch re-
ceive only a life estate with power to consume, and that
by the words "to dispose of and consume" she meant
that Mrs. Hatch had the power of disposing of any part
of the residuary estate for the purpose of consuming
it during her lifetime for her own personal benefit but
with no control of the devolution of the unexpended
or unused balance, and that the "said undisposed of
balance" referred to that portion of the residuary es-
tate not thus consumed. The all-inclusive meaning of
the term "dispose" is here limited and defined by the
context in which it is used. The gifts over were indica-
tive of such intention and fortify the conclusion reached
when the provisions of the will are considered as a
whole. The testatrix made no provision for her chil-
dren because they "are so well provided for under the
wills of their father and their great-grandfather". Her
manifest first concern was that her mother, Mrs. Hatch,
should have the benefit of her residuary estate to the
fullest extent necessary during the mother's life; but
the next, and also a principal object of her bounty, was
her husband's stepsister, Mabel Klingenschmitt, whom
the testatrix desired to have and enjoy all of her residu-

ary estate not consumed by her mother. The testatrix no doubt realized that Mabel Klingenschmitt would not inherit from testatrix's mother if the latter died intestate and was not likely to be a beneficiary under any will made by testatrix's mother. It is of telling significance that Mabel Klingenschmitt was devised and bequeathed all of the residuary estate absolutely in the event that Mrs. Hatch predeceased the testatrix.

We have carefully considered the cases relied upon by counsel for appellant in his able brief and argument and the wills therein construed, but find none of them controlling. As has often been said, almost every will is unique and seldom affords a guiding precedent, for words used in differing circumstances have varying meanings. Ascertainment of dispositive intent must be gleaned from the four corners of a will. In our opinion the court below properly construed the will before us.

As above stated, Ida Fiske Hale took this appeal as executrix and as residuary legatee under Mrs. Hatch's will. A joint appeal by her in these two different capacities was not proper. However, the appeal was timely taken and under our practice (see *Taylor's Estate,* 277 Pa. 518, 121 A. 310; *Dublin Estate,* 375 Pa. 599, 101 A. 2d 731) we non pros the appeal as to the appellant in her individual capacity and dispose of the appeal on its merits as if taken solely by appellant as executrix.

Decree affirmed at the cost of the Estate of Maude E. Hatch.

Mr. Justice ALLEN M. STEARNE took no part in the consideration or decision of this case.