## Hess Trust

Before Bolger, Lefever, Saylor, Shoyer & Silverstein, JJ.

*Francis I. Daly, Jr.* and *William H. S. Wells*, for accountant.

*Henry N. Fineman*, for the Commonwealth of Pennsylvania.

*James R. Humer* and *George B. Stewart*, for exceptants.

*John J. Lombard, Jr.*, and *Gene D. Smith*, contra.

SILVERSTEIN, J., January 15, 1971.—This matter is before the court on exceptions filed to the adjudication of the auditing judge by the heirs of the settlor.

By deed of trust dated December 8, 1921, L. Floyd Hess, settlor, created an irrevocable inter vivos trust.

Warren B. DeLong, who was not related to the settlor, was given the income for life with a power to appoint the income by will to and among his issue, his wife and his paternal relatives. In default of such appointment, the income was to be paid to the "child, children or issue of any deceased children of the said Warren B. DeLong" and the principal distributed to the grandchildren of Warren B. DeLong upon the death of their respective parents.

In the event that Warren B. DeLong left no children or issue of deceased children and did not exercise the power of appointment, the deed provides that the income be paid to Warren B. DeLong's wife for her life and at her death the principal be paid to the persons who would be the heirs of Warren B. DeLong under the intestate laws of Pennsylvania had he died at that time.

Warren B. DeLong died November 3, 1955, testate, expressly declining to exercise the power of appointment. He was survived by one child, Marie Louise DeLong Hightower, and a wife, Myrtle Mae DeLong. At the time of the death of Warren B. DeLong, Marie Louise DeLong Hightower had no children.

Marie Louise DeLong Hightower died on May 24, 1969, never having had any children. Myrtle Mae DeLong survives.

The issue here presented is occasioned by the failure of the issue of Warren B. DeLong after his death; an event not specifically provided for in the trust instrument.

Warren B. DeLong's widow claims that she is entitled to the income of the trust for life or, in the alternative, if the trust is terminated, that the principal is distributable to the intestate heirs of Warren B. DeLong.

The heirs of the settlor claim that by virtue of the nonexercise of the power and the failure of issue

there are no beneficiaries capable of taking the income or principal as provided in the trust. The heirs claim the trust reverts to the estate of the settlor.

The learned auditing judge awarded the income to Myrtle Mae DeLong for life with direction that the principal be distributed at her death to the persons who would be Warren B. DeLong's intestate heirs had he died at that time.

The duty of this court is to give effect to the settlor's intentions and in so doing the intention of Warren B. DeLong is immaterial and not a proper subject for inquiry. He was not the settlor and his intentions are irrelevant to a construction of the deed of trust.

The intention of the testator is the pole star in the interpretation of every will and that intention must be ascertained from a consideration of the entire will, including its scheme of distribution as well as its language, together with all the surrounding and attendant circumstances: Lyle Estate, 374 Pa. 344; Brumbach Estate, 373 Pa. 302; Anderson Estate, 373 Pa. 294; Newlin Estate, 367 Pa. 527.

In ascertaining the intention of the settlor, the rule to be applied is one that promotes testacy, not one that prevents it: Farrington Will, 422 Pa. 164; Fisher's Estate, 302 Pa. 516. In addition, a construction which would lead to an unnatural, improbable or absurd result must be avoided: Mayhew's Estate, 307 Pa. 84.

Our courts have repeatedly invoked the doctrine of implication to give effect to the intention of a testator or settlor and to prevent an obviously absurd result when testator inadvertently omitted the appropriate language to cover the distribution in the event of the occurrence of a contingency not contemplated when the instrument was prepared.

In Willis Estate, 11 D. & C. 2d. 166, the will covered many contingencies and provided for cross-remain-

ders in all but one distant contingency, which occurred. The court implied a gift over by way of a cross-remainder similar to that provided in all the other contingencies. The court found that testatrix intended to make a complete disposition of her whole estate and from such complete disposition and the similarity to other provisions that testatrix inadvertently left words out covering the situation.

Perhaps the factual situation most akin to the instant case is Kenworthy Estate, 269 Pa. 315; there testator provided for a son, son's wife and family in all circumstances except when the son survived testator's wife but died thereafter, childless, leaving the wife. If he had had a child or had died before testator's wife, the son's wife would have been provided for. The court implied a gift over to the son's widow for life in order to avoid an intestacy.

Reading the trust instrument herein as a whole, it is clear that a general scheme is manifest therein to benefit primarily the Warren B. DeLong heirs. The conveyance was irrevocable; the first life tenant, Warren B. DeLong was given a power of appointment of income in favor of his lineal descendants and paternal relatives; in default of appointment, the income and principal were payable to DeLong's child, children and/or grandchildren; and in the event that the foregoing were not sufficient to pass the property to DeLong's immediate family, the settlor then provided for a distribution to DeLong's intestate heirs. It is equally clear that the settlor did not intend to benefit his own heirs.

If there were no issue of Warren B. DeLong to take either by appointment or under the provisions of the instrument, the settlor clearly evidenced his intent that the income be paid to DeLong's wife for her life and principal upon her death be paid to his intestate heirs. If Marie Louise DeLong Hightower

had predeceased her father, his wife, Myrtle Mae DeLong, would have been entitled to income for life, with principal distributable to his heirs at her death. The court will not permit the accident of the order of death of the life tenant and his daughter to defeat the manifest general intent of the settlor. Although settlor did not specifically provide for the failure of issue after the death of Warren B. DeLong, it would defeat the expressed general scheme of the trust instrument not to imply a gift in favor of DeLong's wife and intestate heirs in the circumstances presented.

We conclude, as did the learned auditing judge, that in order to carry out the intent of the settlor, the income is awarded to Myrtle Mae DeLong for her life and upon her death, the principal is to be paid over to the then intestate heirs of Warren B. DeLong.

This interpretation does not do violence to authorities cited in the exceptants' brief. The authorities there cited cover factual situations, not similar to the instant case. At best, Lifter Estate, 377 Pa. 227, supports the conclusions herein reached.

We are, therefore, in accord with the conclusions of the learned auditing judge.

Accordingly, the exceptions are dismissed and the account is confirmed absolutely.